JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant Benjamin Young ("Young") appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted the motion for summary judgment of the defendant-appellee Ohio Bulk Transfer, Inc. ("Ohio Bulk"). For the following reasons, we affirm the decision of the trial court. A review of the record reveals the following facts: In June 2002, Young was hired by USF Holland as a casual driver.[1] In September 2002, Young was offered a position as a probationary employee. As part of USF Holland's employment process, Young completed an employment application in which he listed all of his former employers. One such employer was Ohio Bulk.[2] Young indicated that his supervisor was a man named "Bear."
 {¶ 2} Using the information provided by Young, Robert Arden 
Associates, Inc. ("Robert Arden") conducted a background investigation into Young's employment history. Belle Paul ("Ms. Paul"), a representative from Robert Arden, contacted Ohio Bulk by telephone on September 11 or 12, 2002. She asked to speak with "Bear" and was connected to Bear Gentry ("Mr. Gentry"). She asked Mr. Gentry "his title" with the company and he answered "Dispatcher." She documented her conversation with Mr. Gentry in the form of a report, which USF Holland received on September 18, 2002. In the report, Ms. Paul indicated that Mr. Gentry stated the following with respect to Young's employment with Ohio Bulk: "Young was pretty much worthless. He never showed up and never wanted to do what he was told. He was supposed to drive a dump truck hauling aggregate stone and dirt." The report further noted that Mr. Gentry stated that Young left Ohio Bulk by "mutual agreement" and that he was "not at liberty to advise" about any accidents by Young.
 {¶ 3} On September 25, 2002, USF Holland terminated Young's employment by letter, which stated the following:
 {¶ 4} "During our review of the information you submitted to us as part of your application for employment, we have concluded that we are unable to consider you for continued use as a casual driver based on the information we have obtained to date, including information received from Robert Arden Associates and/or DAC Services."
 {¶ 5} Attached to this letter were the results of Robert Arden's background investigation.
 {¶ 6} Young filed a grievance with Teamsters Local 470 over his termination. However, USF Holland stated it would not rehire Young for the following reasons: (1) he had falsified his employment application; (2) he had been fired from previous employment; and (3) he had failed to disclose the correct reasons he left a prior company.
 {¶ 7} Following his termination, Young requested that Robert Arden reinvestigate his employment with Ohio Bulk. Nikki Strahinic, a vice president from Robert Arden, contacted Ohio Bulk by telephone in late October 2002 and disclosed that she was doing a reinvestigation and background check. She was connected with Bernard Lindway ("Mr. Lindway"), Ohio Bulk's finance director, who told her that he, not Mr. Gentry, would provide the information. In the updated report, Mr. Lindway stated that Young had done excellent work for the company. However, USF Holland did not rehire Young. On December 20, 2002, Young filed a complaint in the Cuyahoga County Court of Common Pleas alleging a claim of defamation against Ohio Bulk.[3] Specifically, Young alleged that the negative employment reference provided by Ohio Bulk to Robert Arden caused USF Holland to terminate his employment.
 {¶ 8} On August 24, 2004, Ohio Bulk filed its motion for leave to file summary judgment instanter in which it maintained that Mr. Gentry did not have the authority to make the employment reference on its behalf and that the statements at issue were not the proximate cause of Young's injury. On October 29, 2004, the trial court granted Ohio Bulk's motion for summary judgment on the grounds that Ohio Bulk did not publish the defamatory statement.
 {¶ 9} It is from this decision that Young now appeals and raises one assignment of error for our review.
 {¶ 10} "I. The trial court erred by granting summary judgment on plaintiff's defamation claim by finding that defendant did not publish the defamatory statements."
 {¶ 11} In this assignment of error, Young claims that the trial court erred in granting summary judgment in favor of Ohio Bulk because genuine issues of material fact existed concerning his claim for defamation.
 {¶ 12} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 13} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 14} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 15} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Ohio Bulk's favor was appropriate.
 {¶ 16} In order to prevail on his claim for defamation, Young is required to prove the following: (1) a false and defamatory statement made about him; (2) published without privilege to a third party; (3) with fault or at least negligence on the part of the defendant; and (4) that was either defamatory per se or caused special harm to the plaintiff. Gosden v. Louis (1996), 116 Ohio App.3d 195, 206.
 {¶ 17} Here, Young has failed to demonstrate a prima facie case of defamation. While he has arguably demonstrated the first, third and fourth elements of a prima facie case, he has failed to demonstrate that Ohio Bulk published the allegedly defamatory statements. Specifically, there is no evidence in the record to show that Mr. Gentry had the actual authority to make any statements regarding Young's employment on behalf of Ohio Bulk. Mr. Gentry was employed by Ohio Bulk as a dispatcher and was responsible for telling Young what he was going to be doing, whether he would get a truck and where he had to drive the truck. His responsibilities did not include providing information about Young's employment with Ohio Bulk and there is no evidence that his remarks tended to "facilitate or promote" Ohio Bulk's business. See Cooper v.Grace Baptist Church of Columbus, Ohio, Inc. (1992), 81 Ohio App.3d 728,737 (an employer is not liable for the independent, self-serving conduct of its employee or agent which does not so facilitate its business).
 {¶ 18} There is also nothing in the record to support Young's proposition that Mr. Gentry was acting with the apparent authority of Ohio Bulk. To meet the standards of apparent authority, the acts of the principal must be examined. Master Consol. Corp. v. BancOhio Nat'l Bank
(1991), 61 Ohio St.3d 570, 576-577. The acts of the principal must clothe the agent with the appearance of authority. Id. The agent's own conduct does not create the apparent authority. Id.
 {¶ 19} Here, it is clear that Mr. Gentry, and not Ohio Bulk, held himself out as having the authority to make the employment reference about Young. There is simply no evidence that Ohio Bulk engaged in any conduct authorizing Mr. Gentry to make statements on its behalf or that it held Mr. Gentry out to the public to be its agent. Ms. Belle testified that Mr. Gentry identified himself as a dispatcher, not a supervisor, when they spoke, and that although she assumed that he had the authority to give her information about Young, she did not specifically ask him if he was authorized to do so. Indeed, when Ms. Strahinic reinvestigated Young's employment with Ohio Bulk, she was connected with Ohio Bulk's finance director who told her that he, and not Mr. Gentry, would be providing her with any information relating to Young's employment.
 {¶ 20} The statements Mr. Gentry made cannot be attributed to Ohio Bulk. Mr. Gentry was acting outside the scope of his employment at the time he made the alleged defamatory statements about Young. Young presents no evidence that Ohio Bulk gave Mr. Gentry authority to take the actions he took. Young did not meet his reciprocal burden of presenting sufficient evidence to establish that a genuine issue of material fact exists regarding Mr. Gentry's actions in relation to Ohio Bulk. Accordingly, the trial court properly granted summary judgment in favor of Ohio Bulk on Young's claim for defamation.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Calabrese, Jr., J., concur.
[1] Casual drivers are used by USF Holland to replace absent full-time employees.
[2] In fact, Young did not list Ohio Bulk as an employer in his first application. Rather, he disclosed his employment with Ohio Bulk, as well as three other companies, in response to a request from USF Holland that he supplement his original list.
[3] Young also alleged a claim of negligence against Robert Arden 
Associates; however, that claim was dismissed with prejudice on August 30, 2004.