JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Mohammad Ali Samman, appeals from a common pleas court order granting summary judgment for the defendants on plaintiff's claims for fraudulent transfer, tortious interference with contract, and violation of the civil Racketeer Influenced and Corrupt Organizations statute (RICO). We find no error and affirm the court's judgment.
 Facts and Procedural History {¶ 2} Appellant and Mamdouh Nukta ("Mamdouh") entered into an oral partnership agreement forming the Euro-American Trading Company (EATCO) in March 1988. Mamdouh was to receive eighty percent of the partnership profits; appellant was to receive twenty percent.
 {¶ 3} On January 21, 2001, appellant filed suit against Mamdouh for breach of the partnership contract. On March 12, 2002, the court entered judgment for appellant against Mamdouh in the amount of $981,517.22.
 {¶ 4} On January 7, 2003, appellant instituted the present action against Mamdouh's son, Maher Nukta; Maher's wife, Bana Nukta; Mamdouh's brother, Emad Nukta; and Emad's wife, Sandra Nukta. The complaint claimed that each of the defendants received assets of EATCO, part of which rightfully belonged to appellant. Appellant asserted that the defendants converted his property and trespassed on his property. Appellant further claimed that EATCO property was fraudulently transferred to the defendants, that the defendants tortiously interfered with the business relationship between appellant and Mamdouh, that the defendants engaged in a pattern of corrupt activity in violation of RICO, and that the defendants abused the prior legal proceedings appellant instituted against Mamdouh. In June 2003, appellant voluntarily dismissed the abuse of process, trespass, and conversion claims, leaving pending his claims for fraudulent transfer, tortious interference and RICO violations. Appellant also voluntarily dismissed all of his claims against Bana Nukta.
 {¶ 5} All remaining defendants moved the court for summary judgment. Emad and Sandra Nukta presented evidence that they loaned a total of $727,151.98 to EATCO between February 1991 and November 1998, and were paid a total of $670,407.47 by EATCO between March 1990 and May 1997. Appellant's counsel stipulated at deposition that appellant did not know "that any of the monies that went in were other than loans and any of the monies that went out were other than repayments."
 {¶ 6} Emad and Sandra Nukta also presented evidence that in December 1992, they purchased a home on Versailles Drive in Strongsville, Ohio. EATCO provided the downpayment of $55,000, and paid rent to Emad and Sandra Nukta in an amount equivalent to the mortgage, although the mortgage was in Emad and Sandra Nukta's names. Mamdouh and Maher Nukta lived in the house. Appellant was aware of these facts at the time, and even signed some of the rent checks. The house was sold in 1998. Emad and Sandra Nukta denied that they received any money from the sale beyond that necessary to pay off the mortgage.
 {¶ 7} Emad and Sandra Nukta argued that each of appellant's claims was barred by the statute of limitations. They also asserted that appellant could not demonstrate that any of the transfers were fraudulent, or that the Nuktas procured a breach of the partnership agreement or that they engaged in any unlawful act which would allow appellant to maintain a RICO claim.
 {¶ 8} Maher Nukta separately contended that appellant's claims were barred by res judicata and issue preclusion. He further claimed that plaintiff failed to state a claim for fraudulent transfer, tortious interference with a contract, or RICO violations, that plaintiff was estopped from complaining about payments he authorized himself, and that plaintiff's tortious interference claim was barred by the statute of limitations.
 {¶ 9} The court granted the defendants' motions with the following order:
 {¶ 10} "Having carefully considered the motions and briefs of record, viewing the facts in a light favorable to plaintiffs, this court finds that there is no genuine issue of fact and all defendants are entitled to judgment as a matter of law. Plaintiff failed to produce evidence which would support a prima facie case for fraud, tortious interference with contract, or civil conspiracy under statute. Additionally, plaintiff failed to produce evidence which contravenes defendants statute of limitations and res judicata defenses. Defendants Maher Nukta, Emad Dean Nukta and Sandra Nukta's motion[s] for summary judgment is granted. Court costs assessed to the plaintiff(s)."
 Law and Analysis {¶ 11} We review de novo the trial court's order granting summary judgment. See, e.g., Andersen v. Highland House Co., 93 Ohio St. 547, 548,2001-Ohio-1607. Summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 12} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 1996 Ohio 107, 662 N.E.2d 264; Civ.R. 56(C). Unless the non-movant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant. Young v. Ohio BulkTransfer, Inc., Cuyahoga App. No. 85575, 2005-Ohio-4426, ¶ 14.
 {¶ 13} Appellant's two assignments of error separately address the summary judgment motions filed by Emad and Sandra Nukta, on the one hand, and by Maher Nukta on the other. For purposes of clarity, however, the following discussion addresses each of appellant's substantive claims against all three defendants. We find that appellant's claims for fraudulent transfer and tortious interference are barred by the statute of limitations.[1] We also find that appellant did not allege any corrupt activity by Emad and Sandra Nukta, and was not injured by any alleged corrupt activity by Maher Nukta, so the defendants were entitled to judgment as a matter of law on the RICO claim as well. Accordingly, we affirm.
 {¶ 14} Fraudulent Transfer Claims. The statute of limitations with respect to appellant's fraudulent transfer claims is set forth in R.C.1336.09, which provides:
 {¶ 15} "A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:
 {¶ 16} "(A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant;
 {¶ 17} "(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section 1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;
 {¶ 18} "(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred."
 {¶ 19} Appellees Emad and Sandra Nukta presented evidence that the allegedly fraudulent transfers all occurred more than four years before this action was filed. The last payment from EATCO to Emad Nukta which appellant claimed to have been fraudulent occurred in 1997; this action was filed in 2003. Furthermore, there was evidence that the Versailles Drive house was sold in 1998. Appellant presented no evidence to indicate that he could not reasonably have discovered the allegedly fraudulent transfers more than one year before this action was filed.[2]
Accordingly, the court did not err by finding that there was no genuine issue of fact and that these appellees were entitled to judgment as a matter of law on this claim.
 {¶ 20} There were no direct transfers from EATCO to Maher Nutka. The only transfers by EATCO which may have benefitted appellee Maher Nukta were those used to purchase the Versailles Drive house in which Maher lived. The house was sold in 1998, more than four years before this action was filed. Appellant was aware of the payments EATCO made for the house at the time the payments were made, and he was aware that Maher lived there. Therefore, appellant's claim against Maher Nukta is also barred by the statute of limitations.[3]
 {¶ 21} Appellant argues that there is a genuine issue of material fact as to when he discovered the allegedly fraudulent transfers, citingHelman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 248.[4] InHelman, the case was before the court on a motion to dismiss. The issue presented was strictly legal so the court could not consider any evidence in deciding the motion; the existence of a fact issue required that the court deny the motion. Here, by contrast, the case was before the court on a motion for summary judgment, so the court could and did consider evidence. Therefore, we overrule appellant's assignments of error to the extent they challenge the summary judgment entered for the appellees on his fraudulent transfer claim.
 {¶ 22} Tortious Interference. Appellant claims that the appellees interfered with the partnership relationship between appellant and Mamdouh, but it is difficult to discern the precise basis for this claim; apparently, appellant contends that the appellees caused Mamdouh to breach the partnership agreement by receiving funds from EATCO and by using the Versailles Drive house.
 {¶ 23} The applicable statute of limitations for appellant's claim of tortious interference with contract is four years after his cause of action accrued. R.C. 2305.09(D). It is clear that the alleged interference occurred more than four years before this action was filed. As discussed above, the last payment EATCO made to Emad Nutka was in 1997, and the Versailles Drive house was sold in 1998. All of the allegedly tortious activity occurred more than four years before this action was filed. Therefore, the tortious interference claim is also barred by the statute of limitations. We overrule appellant's assignments of error to the extent he claims the court erred by granting summary judgment for appellees on his tortious interference claim.
 {¶ 24} Civil RICO. RICO provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * * *" R.C. 2923.32. It permits a civil action for violations of R.C. 2923.32 by any person injured or threatened with injury from the violation. R.C. 2923.34(B).
 {¶ 25} Appellant alleges that Emad and Sandra Nukta's allegedly fraudulent transfers constituted a pattern of corrupt activity. However, appellant does not explain how these transfers meet the definition of "corrupt activity" set forth in R.C. 2923.31(I). Fraudulent transfers in violation of R.C. 1336.04 and/or 1336.05 are not listed in that definition. Therefore, appellant has failed to present any evidence that these appellees engaged in a pattern of corrupt activities.
 {¶ 26} Appellant also alleges that Maher Nukta, as an employee of EATCO, participated in EATCO's manufacture of fraudulent boiler plates. Appellant was not injured or threatened with injury by this activity, so he cannot maintain a civil RICO claim on this basis. Furthermore, this allegation does not maintain that Emad and Sandra Nukta engaged in any corrupt activity, so there is no evidence to support a RICO claim against them. Therefore, we also overrule appellant's assignments of error to the extent they challenge the summary judgment on the civil RICO claim.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SWEENEY, P.J. and McMONAGLE, J. CONCUR
[1] Emad and Sandra Nukta did not include the statute of limitations as an affirmative defense in their original answer, but they sought leave to amend their answer to incorporate this defense at the same time they moved the court for summary judgment. The court did not explicitly rule on the motion for leave to amend. However, its order granting summary judgment on statute of limitations grounds implicitly granted it.
[2] Appellant argues that the four year statute of limitations did not begin to run until he became a creditor of Mamdouh by obtaining a judgment against him. This argument contradicts the express terms of R.C. 1336.09.
[3] We recognize that Maher Nutka did not move for summary judgment on this basis. However, "[w]hile Civ. R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party,Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. Houk v. Ross (1973), 34 Ohio St.2d 77, paragraph one of the syllabus." State ex rel. Cuyahoga County Hospital v.Ohio Bureau of Worker's Comp. (1986), 27 Ohio St.3d 25, 28. The Ohio Supreme Court has applied this same principle to affirm the entry of summary judgment in favor of defendants who did not move for it, where other defendants did move for summary judgment and the same reasoning was applicable to all. State ex rel. Newell v. Cuyahoga County Court of CommonPleas, 77 Ohio St.3d 269 n. 1, 1997-Ohio-76.
[4] R.C. 1336.09(A) is the only part of the statute of limitations which is affected by the creditor-plaintiff's discovery of the allegedly fraudulent transfers. It allows a creditor one year to bring suit from the time the creditor reasonably could have discovered the transfer. We reject appellant's argument that he had four years from the discovery of the alleged fraud to bring suit, because this argument is contrary to the statute.