[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 269.]

THE STATE EX REL. NEWELL, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF
COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*,
1997-Ohio-76.]

*Mandamus to compel common pleas court to transfer relator to a reformatory or
void his sentence and release him from prison—Writ denied, when—
Mandamus will not lie to compel an impossible act.*

(No. 96-1913—Submitted November 12, 1996—Decided January 15, 1997.)

Appeal from the Court of Appeals for Cuyahoga County, No. 68791.

_____

{¶ 1} In 1978, in two separate cases, appellee, Cuyahoga County Court of
Common Pleas, convicted appellant, Timothy Newell, of five counts of kidnapping,
fifteen counts of rape, five counts of aggravated robbery, one count of gross sexual
imposition, and one count of felonious sexual penetration. The common pleas court
imposed consecutive sentences on each count and ordered that Newell serve his
sentences in the state reformatory. On appeal, the Court of Appeals for Cuyahoga
County reversed Newell's kidnapping convictions and sentences and directed the
common pleas court to execute its judgment. *State v. Newell* (Feb. 14, 1980),
Cuyahoga App. Nos. 40334 and 40335, unreported. After the common pleas court
failed to execute the judgment of the court of appeals, Newell filed a complaint in
1995 in the court of appeals for a writ of mandamus to compel the common pleas
court to correct his sentence. Newell later amended his complaint to add a claim
for a writ of mandamus to compel appellees, the common pleas court and various
public officials, to send him to a reformatory or release him from prison. In June
1996, the common pleas court corrected Newell's sentences by vacating his
kidnapping convictions and sentences. The court of appeals subsequently granted

the common pleas court's motion for summary judgment and dismissed Newell's mandamus action.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————————

*Timothy Newell*, pro se.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Rhonda M. O'Neal*, Assistant Prosecuting Attorney, for appellee, Cuyahoga County Court of Common Pleas.

————————————

**Per Curiam.**

{¶ 3} Newell contends that the court of appeals erred in entering summary judgment against him on his amended claim for a writ of mandamus. In his amended complaint and motion for summary judgment, Newell asserted that he was entitled to a writ of mandamus to compel either his transfer to a reformatory or, if no longer possible, to void his sentence and release him from prison.

{¶ 4} However, as the court of appeals correctly determined, the distinctions between penal institutions and reformatory institutions have been eliminated. See R.C. 5120.03(B) ("The director of rehabilitation and correction, by executive order, issued on or before December 31, 1988, shall eliminate the distinction between penal institutions and reformatory institutions. Notwithstanding any provision of the Revised Code or the Administrative Code to the contrary, upon the issuance of the executive order, any distinction made between the types of prisoners sentenced to or otherwise assigned to the institutions under the control of the department shall be discontinued."). Newell conceded below that he could no longer be sent to a reformatory. Therefore, Newell is not entitled to transfer to a reformatory institution. Mandamus will not lie to compel an impossible act. *State ex rel. Brown v. Franklin Cty. Bd. of Commrs.* (1970), 21 Ohio St.2d 62, 50 O.O.2d 159, 255 N.E.2d 244.

**{¶ 5}** Newell alternatively asserted below that since he could no longer be sent to a reformatory institution, he was entitled to be released from prison. However, Newell failed to establish that if he had been sent to a reformatory institution that he would have been released. At best, according to Newell's claims, he might have been entitled to earlier parole consideration if he had been incarcerated in a reformatory institution from the beginning of his sentences. However, earlier consideration of parole is not tantamount to a clear legal right to release from prison. *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125-126, 630 N.E.2d 696, 698 (Under R.C. 2967.03, the parole decision is discretionary, and there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence.).

**{¶ 6}** Based on the foregoing, the court of appeals properly entered summary judgment[1] against Newell and denied the writ of mandamus. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

---

1. The appellees other than the common pleas court did not move for summary judgment against Newell. However, "[w]hile Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, *** an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1373; *State ex rel. Lowrey v. Cleveland* (1993), 67 Ohio St.3d 126, 128, 616 N.E.2d 233, 234; *Houk v. Ross* (1973), 34 Ohio St.2d 77, 63 O.O.2d 119, 296 N.E.2d 266, paragraph one of the syllabus; see, generally, 2 Fink, Wilson & Greenbaum, Ohio Civil Rules of Procedure with Commentary (1992) 782-785, Section 56-6. Here, the entry of summary judgment against Newell and in favor of the nonmoving appellees did not prejudice Newell's due process rights.