THE STATE EX REL. SPENCER, APPELLANT, *v.* EAST
LIVERPOOL PLANNING COMMISSION, APPELLEE.

[Cite as *State ex rel. Spencer v. E. Liverpool Planning
Comm.* (1999), 85 Ohio St.3d 678.]

(No. 99–52—Submitted May 26, 1999—Decided June 23, 1999.)

Betras, Maruca & Kopp, LLC and David J. Betras, for appellant.

**Per Curiam.** Spencer asserts in his propositions of law that the court of appeals erred in denying the requested writ to compel the planning commission to strike the unapproved plat under East Liverpool Codified Ordinances 1159.01.

In his first proposition of law, Spencer contends that because the property conveyed had never been platted, as required by R.C. 711.01, the court of appeals erred in holding that the subsequent approval of the planning commission cured the original defect.

Spencer erroneously relies on R.C. 711.01 to claim that approval of the subdivision by the planning commission without a plat is not permitted. As Spencer notes, R.C. 711.01 specifies that "[a]ny person may lay out a * * * subdivision * * * by having a plat of it made by a competent surveyor." R.C.

711.131, however, permits approval of a proposed division of a parcel of land with certain characteristics by a planning authority without the requirement of a plat, *"[n]otwithstanding the provisions of sections 711.001 to 711.13."* (Emphasis added.) The planning commission introduced evidence that the deed was approved and recorded in 1998 in accordance with R.C. 711.131. As the court of appeals ruled, this 1998 approval by the planning commission mooted the issue of whether the original plat was approved.

In addition, because Spencer now concedes for the first time on appeal that the property was never platted, he cannot obtain a writ of mandamus to strike a plat that does not exist. Mandamus will not issue to compel an impossible act. *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas* (1997), 77 Ohio St.3d 269, 270, 673 N.E.2d 1299, 1300.

Finally, we need not consider the merits of Spencer's second proposition of law, which challenges the constitutionality of R.C. 711.131. Spencer waived this issue by failing to raise it in the court of appeals. *State ex rel. Reyna v. Natalucci–Persichetti* (1998), 83 Ohio St.3d 194, 197, 699 N.E.2d 76, 78; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 271, 695 N.E.2d 254, 255.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.