DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Toledo Municipal Court which granted Edgebarton Investment Co., L.L.C. ("Edgebarton") judgment. For the reasons that follow, we affirm, in part, the decision of the trial court.
The facts pertinent to this appeal are as follows. Edgebarton (formerly doing business as Toledo Metalizing Company) entered into a commercial lease agreement with Target Expediting, Inc. ("Target") (formerly doing business as Calbur Enterprise, Inc.), for property located at 40 East Laskey Road, Toledo, Ohio.[1] The original lease commenced on March 15, 1987. The lease provided for an initial rental rate of $1,500 per month, which increased gradually over the first year until March 1998 when the rent was increased to $2,000 per month for the following year. At the conclusion of the term of the written lease, the tenancy became month-to-month. Eventually, the rent was increased to $2,250 per month where it remained until the original lessor, Toledo Metalizing, sold the property to Edgebarton, a related company. Edgebarton increased the rent to $3,000 per month. Target paid $3,000 for the first month, but then reduced its rental payments back to $2,250 per month.
On October 6, 1998, Edgebarton faxed Target a letter notifying it that it was $1,500 deficient for the months of July and August. (Attached to Solomon's Depo. as Ex. G.) On November 12, 1998, Edgebarton again faxed Target a deficiency notice totaling $3,000 and notified Target that Edgebarton would "take action to secure [its] interest" if a check was not received by November 16, 1998. (Attached to Solomon's Depo. Ex. J. On November 16, 1998, Edgebarton attempted to serve notice on Target via certified mail, which was returned unclaimed. In its letter, Edgebarton notified Target that it was deficient in its rental payments and that Edgebarton was terminating the tenancy, effective December 16, 1998. On December 18, 1998, Edgebarton served Target with an eviction notice.
On December 23, 1998, Edgebarton filed a complaint against Target for restitution of the premises and for past due rent in the amount of $3,750, plus $100 per day from December 15, 1998 until paid, with interest, for reimbursement of $708.25 for the removal and disposal of an underground petroleum storage tank, and for an "additional money judgment for damages to be determined after Defendant vacates the premises." On January 25, 1999, Target filed an answer, counterclaim, and third-party complaint. Target asserted as affirmative defenses that (1) it had "a right of first refusal on option to purchase property"; (2) Edgebarton accepted rent from Target after notice was given; and (3) Target was never notified that Edgebarton was the owner of the premises. In its counterclaim, Target asserted that at the time it entered into its lease, it also entered into an option to purchase and/or right of first refusal of the premises for $200,000, in exchange for Target agreeing to make improvements to the premises in excess of $50,000. Target also asserted that it spent approximately $100,000 on improvements to the premises. According to Target, Toledo Metalizing Company breached its agreement with Target when it sold the premises to Edgebarton without first giving Target the option to purchase and/or right of first refusal. Toledo Metalizing and Edgebarton denied there being any such purchase agreement with Target.
On May 13, 1999, Edgebarton and Toledo Metalizing (collectively referred to as "appellees") filed a motion for summary judgment as to Target's counterclaim and a motion for partial summary judgment as to Target's defenses on the eviction cause. Specifically, appellees argued that the written lease contained no option to buy or right of first refusal and that no oral agreement for such was ever entered into. Nevertheless, appellees argued that Target's defenses to Edgebarton's compliant and Target's counterclaim "run afoul of the Statute of Frauds." Appellees further asserted that Target's claims were not supported by the doctrine of part performance.
On May 14, 1999, Target filed a motion for partial summary judgment with respect to Edgebarton's first cause of action for possession of the premises. Target argued that (1) Edgebarton's acceptance of partial rent constituted a waiver of its right of forfeiture of the lease for underpaid rent; and (2) Edgebarton failed to give Target sufficiently clear advance notice of the intention to require strict compliance with the increased monthly rental amount and the payment of the accrued arrearages.
On December 10, 1999, the trial court entered judgment on the parties' motions. The trial court held that Target failed to support its motion for summary judgment on Edgebarton's first cause of action. Additionally, after thoroughly considering Target's defenses and arguments concerning the right of first refusal/option to purchase, the trial court found appellees' motion for summary judgment on Target's counterclaim to be well-taken. The trial court went on to find the following:
 "Judgment is hereby entered for Plaintiff on its First Cause of Action for possession and on its Second Cause of Action for unpaid rent as prayed for with legal interest at ten percent (10%) from this date, plus costs. Defendant to be given credit for any security deposit which may still be held by Plaintiff with accumulated statutory interest."
Target timely appealed the trial court's judgment. In this court, Edgebarton filed a motion to dismiss the appeal on the basis that the trial court's judgment was not final and appealable pursuant to R.C.2505.02. We agreed and held that the trial court's decision was not final and appealable. Edgebarton Investment, Inc. v. Target Expediting,Inc. (Apr. 10, 2000), Lucas App. No. L-99-1410, unreported. We did determine, however, that the trial court's judgment for possession was properly reviewable in this appeal. We held as follows:
 "Accordingly, this motion to dismiss is granted in part and denied in part. This appeal is ordered dismissed as to all orders contained in the trial court's judgment entry journalized on December 14, 1999 except the order giving Edgebarton possession of the premises. Appellant shall file an amended brief addressing only the order of possession within fifteen days of the date of this decision and judgment entry. * * *"
Despite our order instructing Target to file "an amended brief addressing only the order of possession," Target raised the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "Did the Court err in granting judgment in favor of the Plaintiff on its first cause of action (possession) and second cause of action (unpaid rent)?
"SECOND ASSIGNMENT OF ERROR
 "Did the trial court err in not considering Defendant's breach of contract cause of action in the Defendant's amended counterclaim?
"THIRD ASSIGNMENT OF ERROR
 "Did the court err in not granting leave to the Defendant to file its Amended Answer and Counterclaim and Third Party Complaint until after the court's final appealable judgment entry dated December 10, 1999?
"FOURTH ASSIGNMENT OF ERROR
 "Did the court err in denying Defendant's motion for summary judgment?"
Accordingly, based upon our prior ruling, all of Target's assignments of error, except for the portion of the first assignment of error which relates to possession of the premises, are ordered dismissed as they are not properly before this court at this time.
With respect to the trial court's granting possession to Edgebarton, we note that Edgebarton clearly did not move for summary judgment on this issue. Ordinarily, Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party. Marshall v. Aaron (1984),15 Ohio St.3d 48, syllabus. However, under limited circumstance summary judgment can be granted: "`an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law.'" State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas
(1997), 77 Ohio St.3d 269, 270 n. 1, quoting State ex rel. Cuyahoga Cty.Hosp. v. Bur. of Workers' Comp. (1986), 27 Ohio St.3d 25, 28. See, also, State ex rel. Lowery v. Cleveland (1993), 67 Ohio St.3d 126, 128;Entenman v. Auto-Owners Ins. Co. (Jan. 28, 2000), Williams App. No. WM-99-009.
In this case, the trial court was presented with all the evidence concerning Edgebarton's notice of termination of its tenancy with Target, as well as, Target's defenses to Edgebarton's possession action. R.C. 5321.17(B) provides for termination of periodic tenancies and states, "the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date." Target did not dispute that it received Edgebarton's November 16, 1998 notice of termination. Rather, Target argued in its motion for partial summary judgment that because Edgebarton already accepted partial rent for November 16, 1998 to December 15, 1998, that "Edgebarton waived its right to declare a forfeiture based on a breach of tenant obligation (the nonpayment of rent)" and that the notice was therefore invalid. Target also argued that Edgebarton did not provide sufficiently clear advance notice of its intention to require full payment of rent.
Initially, we note that Edgebarton never waived its right to full rental payments, as evidenced by the facsimiles sent to Target concerning the deficiencies each month. Additionally, Edgebarton did not accept any rent for any period of time after the termination date of the tenancy. As such, we find that Edgebarton properly notified Target of its intention to terminate the month-to-month tenancy and, thus, was entitled to summary judgment on its first cause of action.
Target argues that Edgebarton should not be granted judgment on this issue because it failed to move for such in its motion for summary judgment. We find, however, that Target brought the issue of Edgebarton's action for possession before the trial court in its motion for summary judgment and fully presented its arguments therein. Accordingly, we find that Target was not prejudiced by the trial court's granting of summary judgment, insofar as all relevant evidence was before the court, there was no genuine issue as to any material fact, and Edgebarton was entitled to judgment as a matter of law.
We therefore find Target's first assignment of error, with respect to the possession action, not well-taken. As stated above, the remainder of the assignments of error are not properly before this court. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed, in part, only with respect to the portion of the decision being considered herein. This matter is remanded to the Toledo Municipal Court for further consideration of the remaining causes of action. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J.
 ______________________________ Richard W. Knepper, P.J.
[1] The original parties to this commercial lease were lessor, Toledo Metalizing Company, predecessor to Edgebarton and lessee, Calbur Enterprise, Inc., predecessor to Target. Toledo Metalizing and Edgebarton are both wholly owned by Donald L. Solomon and Target and Calbur are both owned by James Spicuzza.