OPINION
{¶ 1} Palco Investments Company, Dixie Distributing Company, and Harry Denune (collectively, "Palco"), is appealing the Clark County Common Pleas Court's judgment, which affirmed the decision of the Springfield Board of Building Appeals ("Board").
 {¶ 2} In 2002, Springfield's Department of Planning and Development Director, William Craig, issued a notice and order ("Notice") for Palco to abate a public nuisance. The public nuisance consisted of several structures located at 426 East Street. The Notice required it to be abated within thirty days either through repair or demolition. The Notice clearly stated on page two that it "was given pursuant to Section 1323.03 of the Codified Ordinances of the City of Springfield." The conditions requiring abatement were listed in an attachment. The Notice indicated that several structures contained asbestos fragments and fibers — a detriment to the community's general health. In addition, structures were fire hazards because they were not easily accessible to fire-fighting apparatus or personnel. These structures could not be occupied because they lacked heat, plumbing facilities, lighting and electric services. In addition, sections of the roof had collapsed and window glass fell inside and outside of the structures. Further, the complex was an attractive nuisance to children due to the lack of a fence or other security. Lastly, a lack of maintenance was found to depreciate the surrounding property and some minimal roof maintenance had been performed without the required permits.
 {¶ 3} Palco petitioned for a hearing on the Notice with the Board. The Board conducted a hearing on February 14, 2002, but did not grant the requested relief. The Board determined the petition was not well founded and the Notice of January 25, 2002, was not contrary to the applicable law. Palco sought a stay of the Notice from several courts, winning a temporary one from this court from March 1 to March 7, 2002.
 {¶ 4} Palco sought both Ohio Supreme Court and United States District Court intervention unsuccessfully. Ultimately, since Palco did not abate the nuisance, the property was demolished by the City of Springfield.
 {¶ 5} Palco appealed to the Clark County Common Pleas Court, claiming the Board's decision was illegal and unreasonable. Palco argued no public nuisance existed and that the Notice failed both to state the necessary repairs required and did not provide a reasonable time frame to bring the structures into compliance.
 {¶ 6} Palco has appealed the trial court's judgment, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN AFFIRMING THE DEMOLITION ORDER OF THE SPRINGFIELD BOARD OF BUILDING APPEALS."
 {¶ 8} Palco argues that it was denied due process because the Notice did not specify the required repairs or provide a reasonable time to comply. Palco asserts the conditions were not public nuisances. We disagree.
 {¶ 9} When reviewing the trial court's judgment, an appellate court is limited to determining whether the trial court abused its discretion in reviewing the administrative order. Board ofEducation of the Rossford Exempted Village School Dist. v. StateBd. of Education (1992), 63 Ohio St.3d 705, 707. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. An abuse of discretion amounts to more than a mere error in law or judgment, but indicates the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 10} R.C. 2506.01 provides, "Every final order * * * of any officer, * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." R.C.2506.04 allows the court to find the order "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." The court has the authority to "affirm, reverse, vacate or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order" consistent with the court's opinion. Id.
 {¶ 11} When interpreting a code provision, the various code provisions must be read together to improve the code's understanding. Hughes v. Bureau of Motor Vehicles,79 Ohio St.3d 305, 308, 1997-Ohio-387. When a conflict exists between a specific provision and a general provision, the specific provision prevails. Love v. Port Clinton (1988),37 Ohio St.3d 98, 99. A code section should not be read to create an unreasonable or absurd result. State ex rel Webb v. Bliss,99 Ohio St.3d 166, 2003-Ohio-3049.
 {¶ 12} Section 1323.01(i) of Springfield's Codified Ordinances, Abatement of Nuisances and Demolition of Structures, defines a public nuisance as:
 {¶ 13} "[A] building, structure, * * * or any excavation, basement * * * or sidewalk subspace or part thereof, having an accumulation of demolition material, garbage, litter, rubbish or weeds, * * * [which] will cause hurt, harm, discomfort, damage or injury to the public or to any considerable number of persons in the City by reason of any one (1) or more of the following:
 {¶ 14} "(1) Being detrimental to the general health of the community.
 {¶ 15} "(2) Being a fire hazard.
 {¶ 16} "(3) Being unsafe for occupancy, or use.
 {¶ 17} "(4)Being an attractive nuisance to children.
 {¶ 18} "(5) Lack of reasonable or adequate maintenance of structures, and grounds causing deterioration and blighting influence on nearby properties and thereby depreciating the enjoyment and use of the property in the immediate vicinity to such an extent that it is harmful to the community."
 {¶ 19} Section 1315.08 requires the City's orders to not only cite applicable law but also "specify what actions are necessary to comply with the applicable code." But, § 1323.03 describes the notice to be sent, stating the "notice shall identify the public nuisance and require the owner * * * to abate the public nuisance * * * within thirty (30) days of such notice either by the removal * * * or the repair of the public nuisance." Section1323.06 allows the owner to make an application for a special building permit to make the repairs to abate a public nuisance.
 {¶ 20} Palco claims the court abused its discretion in affirming the Board's decision by arguing the Notice was defective because the property's condition did not constitute a public nuisance. Palco suggests the phrase, "having an accumulation of demolition material, garbage, litter, rubbish, or weeds," in § 1323.01(i) modifies the words "buildings" and "structures." Thus, a building or structure cannot be a public nuisance under § 1323.01(i) unless there is such an accumulation. However; this interpretation of § 1323.01(i) would create an absurd result that ignores the language of § 1323.01(i)(3) and (5). Subsection (3) and (5) include in the definition of a public nuisance any structure which causes harm or depreciates surrounding property because it is unsafe for occupancy or has been inadequately maintained. Obviously, an accumulation of demolition material, garbage, litter, rubbish or weeds cannot be occupied, hence, applying the "accumulation" language to Section1323.01(i)(3) and (5) is a far too restrictive reading of the ordinance which defines nuisance. We see no abuse of discretion in the trial court interpreting § 1323.01(i) so as to avoid such an absurd result. It must also be noted that the Notice given to Palco should be read to properly include an accumulation of "litter" and "rubbish" as these terms are broadly defined in Section 1323.01(c) and (g). Both the glass and asbestos fragments specifically identified in the Notice would fall into these two broad categories of "litter" and "rubbish."
 {¶ 21} Palco argues the Notice was inadequate because it did not list the repairs required to remedy the nuisance. Section1323.06, which addresses the abatement of nuisances, permits the owner of a nuisance property to apply for a special building permit to repair the property; also, Section 1323.06 clearly places a responsibility upon the owner to produce appropriate plans to remedy the violations and abate the nuisance. It would be onerous to place this responsibility upon the City of Springfield in a nuisance case. Section 1315.08 requires a city's notice to specify the actions necessary to comply with the code. While § 1315.08 applies generally to all the city's orders, §1323.06 specifically refers to orders to abate public nuisances. Since specific provisions prevail over general provisions, §1323.06 is the governing law. Section 1323.06 contemplates the owner assessing and effectuating the repairs he must complete in order to abate the nuisance. Accordingly, the City's Notice was not inadequate because it did not direct Palco to perform certain actions to abate the nuisance. A careful reading of the City's Abatement Order of January 25, 2002 at page three identifies with particularity a list of violations that must be corrected and repaired in order to abate.
 {¶ 22} Palco asserts the Notice was improper because it did not give him reasonable time to abate the nuisance. Palco argues the thirty days allotted was not a reasonable time. Section1323.10 provides that orders based on a violation of a chapter provision shall specify a reasonable time for performance. But, §1323.03 states that if a public nuisance exists the director shall issue a notice giving the owner thirty days to abate the nuisance. As we said above, when a general provision and a specific provision conflict, the specific provision prevails. Section 1323.10 addresses notices for a violation of any provision in the chapter, while § 1323.03 specifically addresses notices to abate a public nuisance. Since § 1323.03 is a specific provision, it prevails over § 1323.10. The Notice complied with §1323.03's requirement of thirty days for the abatement. Further, the Notice clearly states under the caption "Notice" that the owner may appeal to the Board of Building Appeals as Palco did. Not only did the Abatement Order advise Palco of his right to appeal to the Board, but on page two of the Order to Abate, Palco is informed the order is "given pursuant to Section 1323.03 of the Codified Ordinances of the City of Springfield." A person of reasonable intelligence can read the order to abate, read Section1323.03 and recognize permits and extensions to repair may be applied for pursuant to Section 1323.06. Palco could have developed a repair plan and requested time to implement it. However, it elected not to do so. Thus, we cannot say the trial court abused its discretion in upholding the Board's determination that Palco was not deprived of due process because of the Notice's time restriction dictated by Section 1323.03. Clearly, the abatement of this nuisance was of some urgency.
 {¶ 23} Palco also argues that it was deprived of property without compensation by its buildings' demolition and that it should be permitted to pursue money damages. The trial court disagreed, which Palco now argues was an abuse of discretion. R.C. 2506 permits an appellate court to review the affirmance of an administrative decision for a rule's constitutionality.Grossman v. Cleveland Heights (1997), 120 Ohio App.3d 435. But, R.C. 2506.04 only permits a common pleas court to "affirm, reverse, vacate, or modify" the agency's decision. The statute does not provide jurisdiction for the court to determine money damages. Id. In order to obtain compensation for an unlawful taking, a mandamus action must be filed to compel public authorities to conduct appropriation proceedings. Florian v.Board of Cty. Commrs. of Hamilton Cty. (Aug. 5, 1981), Hamilton App. No. C-800843; Huelsman v. State (1977),56 Ohio App.2d 100, 108; State ex rel Levin v. Sheffield Lake,70 Ohio St.3d 104, 108, 1994-Ohio-385.
 {¶ 24} Palco has not filed a mandamus action. Rather, Palco asks this Court to reverse the judgment and allow it to pursue money damages for its property's demolition based on R.C. 2506. But this statute does not authorize a common pleas court to consider and award money damages. Thus, the trial court correctly found that it lacked jurisdiction to consider this damages claim.
 {¶ 25} The basis for Palco's damages claim is an assertion that the city destroyed its property without due process of law. But having addressed all of the alleged errors, we cannot find the City of Springfield deprived Palco of due process of law. Palco presented its claims on a stay of the demolition with the Board, the Court of Common Pleas, the Second District Court of Appeals, the Ohio Supreme Court, and the United States District Court for the Southern District of Ohio. Palco was afforded ample due process, notice and opportunity to be heard. Palco did not abate the nuisance, thus the city lawfully demolished the structure.
 {¶ 26} We do not find that the trial court abused its discretion in affirming the Board's judgment. Palco's assignment of error is without merit and is overruled.
 {¶ 27} The judgment of the trial court is affirmed.
Wolff, J., concurs.