OPINION
{¶ 1} This is an appeal from a summary judgment in favor of The Board of Commissioners of Clark County (the "Board") on its complaint for injunctive relief. The relief the Board sought and which the court ordered requires the Defendants, who are owners *Page 2 
of residential real properties in Medway, to connect their properties to a public sewer line owned and operated by the Board. Summary judgment was granted on the court's finding that all of the counterclaims and defenses raised by the Defendants in response to the Board's complaint for injunctive relief are barred by res judicata.
 {¶ 2} The present case is the culmination of a fourteen-year dispute between the Board and certain homeowners in the Medway area, including these Defendants, over the Board's desire that they connect to its sewer line and the homeowners' refusals to do so. A brief review of the litigation arising from the dispute is necessary.
 Case No. 96-CV-0568 {¶ 3} In December of 1994, the Board adopted Resolution No. 1211-94, requiring the owners of ten residential properties in the Medway area to connect to the Board's sewer line. Several owners refused, and the Board thereafter commenced an action in the court of common pleas, captioned Case No. 96-CV-0568, seeking injunctive relief requiring the homeowners to connect. In subsequent proceedings, summary judgments were granted in August of 2000 in favor of three defendants, each of whom was a joint-owner of one of the residential properties, because notice of the Board's Resolution No. 1211-94 had been served on their spouses *Page 3 
as owners but not on them as joint-owners.
 Case No. 00-CV-291 {¶ 4} While the action in Case No. 96-CV-0568 was pending, and realizing its error, the Board adopted Resolution No. 190B-00 in February of 2000. That Resolution was served on those joint owners who had not been served with notice of the prior resolution, as well as on their spouses as joint-owners. These three sets of spouses, Steve and April Coppess, Jack and Marilyn McKnight, and Mark and Sandra Coppess, appealed Resolution No. 190B-00 to the court of common pleas pursuant to R.C. Chapter 2506. The action was captioned Case No. 00-CV-291. In March of 2001, the court entered a final judgment for the Board. The property owners appealed. We subsequently affirmed the judgment of the common pleas court on December 7, 2001. Coppess v. Bd. of Cty.Commissioners, Clark App. No. 2001-CA-30, 2001-Ohio-1921.
 Case No. 02-CV-0428 {¶ 5} Following our decision, the Board commenced an action in April of 2002 in the court of common pleas, Case No. 02-CV-0428, seeking injunctive relief to require Steve and April Coppess, Jack and Marilyn McKnight, and Mark and Sandra Coppess, to comply with the Board's Resolution No. 190B-00 and connect their properties to the Board's sewer line. Those Defendants filed responsive pleadings containing a number of counterclaims *Page 4 
and/or affirmative defenses.
 {¶ 6} The Board filed motions for summary judgment based on the principles of res judicata and governmental immunity under R.C. 2744. The court granted summary judgment for the Board on a finding that the Defendants' counterclaims and defenses are barred by res judicata because they were determined or could have been determined by the court's judgment in Case No. 00-CV-291, the R.C. Chapter 2506 appeal to the court of common pleas those Defendants had filed, which this court affirmed on appeal. The Defendants filed a timely notice of appeal from the summary judgments on the Board's request for injunctive relief.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE COMMON PLEAS COURT, IN ITS DECISION RENDERED OCTOBER 18, 2006, ERRED IN FINDING THAT THE ISSUES IN THIS CASE FOR COMPETING PERMANENT INJUNCTIONS ARE IDENTICAL TO THE ISSUES IN CASE NO 00-CV-0291, AND 01-CA-30, AN ADMINISTRATIVE APPEAL OF A RESOLUTION ADOPTED IN FEBRUARY 2000."
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "THE COMMON PLEAS COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS IT RELATED TO APPELLANTS' CLAIM OF DISCRIMINATORY AND SELECTIVE ENFORCEMENT."
 {¶ 9} CROSS-ASSIGNMENT OF ERROR
 {¶ 10} "ALTHOUGH THE TRIAL COURT CORRECTLY SUSTAINED CLARK *Page 5 
COUNTY'S MOTION FOR SUMMARY JUDGMENT, THE COMMON PLEAS COURT ERRED BY NOT SUSTAINING CLARK COUNTY'S MOTION FOR SUMMARY JUDGMENT ON THE ADDITIONAL GROUND THAT THE COUNTY IS IMMUNE FROM LIABILITY BECAUSE THE PROVISION, PLANNING, DESIGN AND CONSTRUCTION OF A SEWER SYSTEM IS A GOVERNMENTAL FUNCTION."
 {¶ 11} When reviewing a trial court's grant of summary judgment, anappellate court conducts a de novo review. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De Novo review means thatthis court uses the same standard that the trial court should have used,and we examine the evidence to determine whether as a matter of law nogenuine issues exist for trial." Brewer v. Cleveland City Schools Bd. OfEdn. (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield JournalCo. (1980), 64 Ohio St.2d 116, 119-20. Therefore, the trial court'sdecision is not granted deference by the reviewing appellate court.Brown v. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704,711.
 {¶ 12} The Defendants argue that the trial court erred in granting summary judgment based on res judicata, because the issues in the prior R.C. 2506 appeal in Case No. 00-CV-291 concerned whether the Board's Resolution No. 190B-00 met the requirements of Chapter 6117 of the Revised Code, while the current action involves requests for injunctive relief and claims of selective enforcement and violations of due process. The Board responds that the trial court properly dismissed the Defendants' counterclaims and defenses because they were or could *Page 6 
have been raised in the prior action that involved the same parties and subject matter.
 {¶ 13} The Defendants asserted two counterclaims against the Board. In the first counterclaim, all six Defendants alleged that the Board "has threatened and harassed the Defendants, has invaded their privacy, has trespassed upon their property, has damaged their property, has denied them procedural due process, has denied them adequate and timely notice of the proposal for and construction of the sewer, has failed to follow the statutory requirements for the construction of the sewer, has failed to provide fundamental fairness to the Defendants, has discriminated against Defendants, has willfully and selectively enforced statutes and regulations against Defendants in violation of their rights to equal protection, has defrauded Defendants and the other residents of the Medway/Crystal Lakes area, and has grossly abused its discretion in all decisions made with respect thereto." Defendants sought a permanent injunction excluding them from the Medway/Crystal Lakes Sewer Project, prohibiting Plaintiff from threatening or harassing them in any manner, prohibiting Plaintiff or any of its agents from trespassing upon their property, and prohibiting Plaintiff from levying any assessment upon them for the said sewer project.
 {¶ 14} In the second counterclaim, Defendants Steven and April *Page 7 
Coppess alleged that the Board's sewer lines and equipment run on and across their property and that the Board installed the sewer lines and equipment on the Defendants' property without any legal right to do so. Consequently, Defendants Steven and April Coppess sought the removal and relocation of Plaintiff's sewer lines and equipment from their property and damages in the amount of $100,000.
 {¶ 15} In addition to the counterclaims, the Defendants raised a number of defenses to the Board's request for a permanent injunction. In paragraphs 15-26 of their Answer to Amended Complaint (Dkt. 8), the Defendants raised the following defenses:
 {¶ 16} "15. Say that Plaintiff has failed to state a claim upon which relief can be granted;
 {¶ 17} "16. Say that Plaintiff is estopped by equitable considerations;
 {¶ 18} "17. Say that Plaintiff has failed to join all necessary parties herein;
 {¶ 19} "18. Say that Plaintiff's action is barred by laches;
 {¶ 20} "19. Say the Plaintiff's action is barred by res judicata;
 {¶ 21} "20. Say that Plaintiff's action denies them procedural due process, because they did not receive adequate and timely *Page 8 
notice of the proposed construction of the sewer project and did not have a meaningful opportunity to be heard;
 {¶ 22} "21. Say that Plaintiff failed to follow the statutory notification requirements in the proposal and construction of the sewer project;
 {¶ 23} "22. Say that Plaintiff failed to provide fundamental fairness to them in proposing and constructing the Medway/Crystal lake Sewer Project;
 {¶ 24} "23. Say that they are being denied due process and equal protection under the law by Plaintiff's discriminatory and selective enforcement of statutes and administrative regulations, in that said statutes and regulations are not being enforced against numerous other property owners, similarly situated, in Clark County, Ohio;
 {¶ 25} "24. Say that the Medway/Crystal Lakes sewer system is defective, does not meet the minimum standards as established by the State of Ohio, and does not establish a basis for Plaintiff's action;
 {¶ 26} "25. Say that Plaintiff's demand for relief is a prohibited taking of property under the 9th Amendment to the U.S. Constitution; and
 {¶ 27} "26. Say that Plaintiff has made no determination under R.C. 6117.51 as to what sewage or other waste is originating on *Page 9 
their premises."
 {¶ 28} In Grava v. Parkman Township, 73 Ohio St.3d 379, 382,1995-Ohio-331, the Supreme Court clarified the proper application of res judicata:
 {¶ 29} "In recent years, this court has not limited the application of the doctrine of res judicata to bar only those subsequent actions involving the same legal theory of recovery as a previous action. InNatl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62,558 N.E.2d 1178, 1180, we stated: `It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a fist lawsuit"' (emphasis sic) (quoting Rogers v. Whitehall [1986],25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that `[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.' Id.
 {¶ 30} "Today, we expressly adhere to the modern application of the doctrine of res judicata, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25, and hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the *Page 10 
transaction or occurrence that was the subject matter of the previous action. . . ."
 {¶ 31} The Court rejected Grava's concerns that the application of res judicata would be unfair:
 {¶ 32} "Grava argues that barring the present action would be unfair. However, he had a full and fair opportunity to present his case and obtain a zoning certificate during the proceedings involving his first application and did not appeal the zoning board's denial of his request. Grava simply failed to avail himself of all available grounds for relief in the first proceeding. Absent changed circumstances, refusing to allow Grava to use an alternate legal theory overlooked in the previous proceedings does not work an injustice. Instead, by providing parties with an incentive to resolve conclusively an entire controversy involving the same core of facts, such refusal establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial or quasi-judicial time and resources. The instability that would follow the establishment of a precedent for disregarding the doctrine of res judicata for `equitable reasons' would be greater than the benefit that might result from relieving some cases of individual hardship." Id. at 383-84.
 {¶ 33} Therefore, an existing final judgment or decree between *Page 11 
the parties to litigation is conclusive as to all claims that were or might have been litigated in a prior lawsuit involving the same subject matter. Id. at 382. Under Grava, it is clear that the Defendants are barred from raising counterclaims and defenses on causes that arose out of the transaction or occurrence that was the subject matter of the R.C. 2506 appeal, Case No. 00-CV-291, and were or could have been litigated in that case.
 {¶ 34} A determination of whether the Defendant's counterclaims and defenses could have been litigated in the prior proceeding requires an analysis of what may be presented in an administrative appeal under R.C. 2506. R.C. 2506.04 provides that:
 {¶ 35} "If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or *Page 12 
decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 36} In R.C. 2506 appeals, the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. R.C. 2506.04; Henley v. Board of Zoning Appeals (2000),90 Ohio St.3d 142, 147. Also, R.C. 2506 permits the party appealing a board's decision to challenge the constitutionality of the board's decision. Palco Investments, Inc. v. City of Springfield, Clark App. No. 2004 CA 80, 2005-Ohio-6838, at _23 (citation omitted).
 {¶ 37} The R.C. 2506 appeal centered around whether the Board complied with the requirements of R.C. 6117.51 and whether the Board's resolution that required the Defendants to connect to the sewer line was unconstitutional, illegal, arbitrary, capricious, unreasonable, and supported by the preponderance of substantial, reliable, and probative evidence. Many of the theories presented in the Defendants' counterclaims and defenses in the present case *Page 13 
were raised in the R.C. 2506 appeal. And, there is no question that the R.C. 2506 appeal involved the same parties and the same subject matter that are involved in the current appeal. Therefore, the Defendants are barred by res judicata from raising the defenses and claims for relief that were actually litigated in the prior R.C. 2506
appeal. Further, the Defendants are precluded by res judicata from raising the counterclaims and defenses that could have been litigated in the prior R.C. 2506 appeal. Grava; Clinton Bd. of Trustees v.Yackee, Fulton App. No. F-03-001, 2003-Ohio-5280, at _23.
 {¶ 38} A party who files an R.C. 2506 appeal has the opportunity to present evidence and argue a wide range of issues. The Defendants had an opportunity in the prior R.C. 2506 appeal to present the overwhelming majority of the claims and defenses they now seek to raise in the current proceeding, along with the evidence in support of these claims and defenses. Therefore, we believe that the trial court correctly granted summary judgment on the Defendants' claims and defenses on the basis of res judicata, with three exceptions: the selective enforcement defense/claim, the laches defense, and, to the extent that it seeks monetary relief, the second counterclaim.
 {¶ 39} The Defendants argue that their assertion of selective enforcement both as a defense to the Board's complaint for *Page 14 
injunctive relief and as a counterclaim for injunctive relief is directly and specifically related to the actions of the Board in filing its complaint for injunctive relief after our prior decision in the R.C. 2506 appeal, and therefore it could not have been litigated in the prior administrative appeal. We agree. To the extent that the selective enforcement claim/defense involves the Board's action since the prior R.C. 2506 appeal, we cannot find that this claim or defense could have been litigated in the prior R.C. 2506 appeal. Therefore, the trial court erred in finding that the selective enforcement claim/defense was barred by res judicata.
 {¶ 40} We note that the Defendants face a heavy burden in trying to establish a claim for selective and discriminatory enforcement.State v. Flynt (1980), 63 Ohio St.2d 131, 134. But, based on what was determined or could have been determined in the prior R.C. 2506
proceeding, we do not believe the principles of res judicata prevent the Defendants from attempting on remand to satisfy this heavy burden.
 {¶ 41} Similarly, to the extent that the Defendants' laches defense is based on facts that arose after the conclusion of the proceedings in the R.C. 2506 appeal, we do not believe the defense is precluded by res judicata. However, we note that the Defendants will face a significant burden on remand to show that *Page 15 
sufficient facts arose during the short period of time between the culmination of the R.C. 2506 appeal and the filing of the complaint by the Board to justify their laches defense. But the doctrine of res judicata does not preclude the Defendants from attempting to prove as much on remand.
 {¶ 42} Finally, we believe the trial court erred in granting summary judgment on res judicata grounds on the second counterclaim to the extent that it sought money damages. A trial court cannot award money damages in an R.C. 2506 appeal, because R.C. 2506.04 does not authorize the court to grant that relief. Palco Investments, Inc., 2005-Ohio-6838, at _23; Walters v. City of Brecksville (April 21, 1988), Cuyahoga App. No. 53660, citing Negin v. City of Mentor, Ohio (N.D. Ohio 1985),601 F. Supp. 1502, 1504-05. Therefore, the Defendants could not have litigated any claims for money damages in the R.C. 2506 appeal. As such, the trial court erred in finding that the Defendants' second counterclaim, to the extent that it sought money damages, was barred by res judicata.
 {¶ 43} But the analysis regarding the Defendants' second counterclaim does not end there. When a court of appeals determines that the trial court committed error prejudicial to the appellant in a final order or judgment on review and that the appellant is entitled to have judgment entered in his favor on *Page 16 
the issue of law concerned, the court of appeals must reverse the judgment of the trial court and either enter the judgment the trial court should have entered or remand the case to the trial court for that purpose. App. R. 12(B). However, even when the appellate court finds that prejudicial error occurred, it is not required to reverse when the court finds that the appellant is not entitled to judgment as a matter of law. The court of appeals may reach that result if it can decide the issue on different grounds, which it may do so long as the evidentiary basis on which the appellate court decides the issue was adduced before the trial court and made a part of its records. State v. Peagler,76 Ohio St.3d 496, 1996-Ohio-73.
 {¶ 44} Affirming on other grounds a summary judgment against a party that was erroneously granted does not prejudice the party's due process rights where all evidence material to the issues decided is before the appellate court, the record shows that no genuine issue of material fact exists, and the adverse party is entitled to judgment as a matter of law. State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas,77 Ohio St.3d 269, 1997-Ohio-76.
 {¶ 45} As an alternative ground for relief for its motion for summary judgment on the Defendants' counterclaims, the Board argued that it was immune from liability under R.C. 2744, because *Page 17 
the provision, planning, design, and construction of a sewer system is a governmental function. We agree.
 {¶ 46} R.C. 2744.02(A) grants immunity from tort liability to political subdivisions for governmental or proprietary functions unless the facts of a claim come under one of the five exceptions contained in R.C. 2744.02(B). A governmental function includes the "provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system[.]" R.C. 2744.01(C)(2)(l). Only if the facts conform to one of those five exceptions is the political subdivision vulnerable to liability.Miller v. Wadsworth City Schools (1994), 93 Ohio App.3d 278, 280.
 {¶ 47} The Defendants' second counterclaim relates to the Board's construction and provision of a sewer system, which is a governmental function. Therefore, the Board is entitled to immunity on the Defendant's second counterclaim. The Defendants did not argue that they fall within any exception to this immunity. Consequently, the Board was entitled to summary judgment on the basis of governmental immunity on the Defendants' second counterclaim, which sought monetary damages.
 {¶ 48} The first two assignments of error and the cross-assignment of error are sustained in part and overruled in part.
 {¶ 49} THIRD ASSIGNMENT OF ERROR *Page 18 
 {¶ 50} "THE COMMON PLEAS COURT ERRED IN DETERMINING THAT THERE WAS NO JUST REASON FOR DELAY IN ENTERING THE JUDGMENT."
 {¶ 51} The Defendants argue that the trial court erred in finding that there was no just reason for delay in entering the judgment, because there are unresolved constitutional issues. It is unclear what relief the Defendants seek in this assignment of error. The trial court's order disposed of all of the claims in the action before it, including the Defendants' counterclaims. Therefore, the trial court's order was final and appealable, regardless of whether "no just reason for delay" language of Civ. R. 54(B) was included in the order.
 {¶ 52} The third assignment of error is overruled.
 Conclusion {¶ 53} The first and second assignments of error of the Defendants and the cross-assignment of error of the Board are sustained in part and overruled in part. The cause will be remanded for the trial court to determine whether the Board's complaint is barred by the doctrine of laches and whether the Board engaged in selective and discriminatory enforcement. The trial court's judgment is otherwise affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
 Andrew P. Pickering, Esq. *Page 19 
Mark Landes, Esq.
Jeffery J. Sniderman, Esq.
David M. Hollingsworth, Esq.
 Hon. Richard J. O'Neill *Page 1