[Cite as *State ex rel. Newell v. Gaul*, 2012-Ohio-4068.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98326**

---

## STATE OF OHIO, EX REL., TIMOTHY NEWELL

RELATOR

vs.

## JUDGE DANIEL GAUL

RESPONDENT

---

**JUDGMENT:**
WRIT DENIED

---

Writ of Mandamus
Motion Nos. 455532 and 456213
Order No. 457862

**RELEASE DATE:** August 31, 2012

[Cite as *State ex rel. Newell v. Gaul*, 2012-Ohio-4068.]

**FOR RELATOR**

Timothy Newell, pro se
Inmate No. 153-518
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

COLLEEN CONWAY COONEY, J.:

{¶1} On May 7, 2012, the relator, Timothy Newell, commenced this mandamus action against the respondent, Judge Daniel Gaul, to compel the judge to issue final, appealable orders pursuant to Crim.R. 32(C) in the underlying cases, *State v. Newell*, Cuyahoga C.P. Nos. CR-40130 and CR-40174. On May 31, 2012, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of lack of duty. Newell filed a brief in opposition on June 12, 2012, and a motion for summary judgment on June 21, 2012. The respondent did not file a brief in opposition to Newell's summary judgment motion. For the following reasons, this court grants the respondent's motion for summary judgment, denies Newell's dispositive motion, and denies the application for a writ of mandamus.

## Procedural and Factual Background

{¶2} In 1978, in the underlying cases, a jury convicted Newell on five counts of kidnapping, 15 counts of rape, four counts of aggravated robbery, one count of gross sexual imposition, and one count of felonious sexual penetration. The trial court imposed consecutive sentences for each count.

{¶3} On appeal, this court ruled that the charges of kidnapping and rape were allied offenses. "Thus, all counts of kidnapping of which the defendant was convicted and the sentences relating to these counts (one count had been nolled) are hereby reversed. The

remaining convictions and the accompanying sentences shall remain undisturbed. Accordingly, the judgment is so modified." *State v. Newell,* 8th Dist. Nos. 40334 and 40335, 1980 Ohio App. LEXIS 13830, *4-5 (Feb. 14, 1980). At the end of the opinion, this court added the following standard language: "It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. * * * The cases, therefore, are affirmed as modified herein."

{¶4} On April 10, 1995, Newell commenced *State ex rel. Newell v. Cuyahoga Common Pleas Court*, 8th Dist. No. 68791, a mandamus action, to compel the trial court to effect the appellate mandate by making the appropriate corrections to his sentence and forwarding it to the Ohio Adult Parole Authority. It appeared that the Ohio Adult Parole Authority and the Ohio Department of Rehabilitation and Correction had not recognized this court's modification of the sentence.

{¶5} The respondent court moved to dismiss the 1995 mandamus action on the grounds that this court's order was self-executing; thus, there was no duty to issue and no right to an order correcting the sentence. This court denied this motion to dismiss because the respondent failed to cite controlling authority and because the mandate language indicated a correcting journal entry. This court then invited the respondent court to move for summary judgment, establishing that "it has issued an order pursuant to the appellate mandate correcting the sentence" or that the Ohio Adult Parole Authority had recognized the corrected sentence.

*State ex rel. Newell v. Court of Common Pleas*, 8th Dist. No. 68791 (Apr. 30, 1996), Motion No. 63077.

{¶6} In response, on June 26, 1996, the respondent court issued the subject journal entry. The respondent court recognized that this court had previously modified Newell's sentences by vacating the kidnapping counts in the underlying cases. It then ordered that Newell's sentences on the kidnapping charges in each of the underlying cases were vacated. The respondent court then listed the sentences for each of the remaining counts in each case and ordered them to be served consecutively. This order did not reiterate the fact of conviction for each charge, nor did it order the sentences to be served in a prison institution.

{¶7} As requested, the respondent court moved for summary judgment in the 1995 mandamus action on the grounds of mootness. This court noted that this motion was based on "a properly executed order vacating the sentences for kidnapping." This court granted the respondent court's motion for summary judgment because Newell had received his requested relief, the appropriate correction to his sentence and because, in vacating the sentences for kidnapping, the respondent court had followed the mandate of this court.[1] *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 68791 (July 19, 1996). Newell

---

[1] As sought, the respondent court sent the journal entry to the records office of the Grafton Correctional Institution with a consequent reduction in Newell's sentence. His original sentence was to expire in the twenty-fifth century. Prison records now show his sentence will expire in 2353.

appealed, and the Ohio Supreme Court affirmed. *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 77 Ohio St.3d 269, 1997-Ohio-76, 673 N.E.2d 1299.[2]

{¶8} On March 19, 2012, Newell moved the trial court in each of the underlying cases to issue a final, appealable order pursuant to Crim.R. 32(C). Newell argued that the June 26, 1996 order did not comply with Crim.R. 32(C). The respondent, Judge Daniel Gaul, denied those motions on April 20, 2012. Newell then commenced this mandamus action to compel the respondent judge to render the June 26, 1996 order, a final, appealable order so that he could file another appeal.[3]

Legal Analysis

---

[2]During the litigation, Newell amended his complaint to add a claim that he either be sent to a reformatory or be released. His original sentence specified that he would serve his sentence in a reformatory. When the state of Ohio eliminated the distinction between reformatories and penal institutions, this could not be fulfilled. Newell argued that this rendered his sentence void. Both this court and the Ohio Supreme Court rejected that argument. This issue was the focus of the appeal to the supreme court.

[3]This court notes that Newell has filed multiple appeals and actions over the years. His R.C. 2969.25 prior lawsuit affidavit lists 12 actions or appeals filed within the last five years.

{¶9}   The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.   Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).   Furthermore, mandamus is not a substitute for appeal.   *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.   Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case.   *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787 (Sept. 26, 1994).

{¶10} In addition, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear.   It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.,* 159 Ohio St. 581, 113 N.E.2d 14 (1953). Furthermore, mandamus will not issue to compel a vain act.   *State ex rel. Cotton v. Ghee,* 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989.

{¶11} Moreover, the court has discretion in issuing mandamus. In *Pressley* at paragraph seven of the syllabus, the Ohio Supreme Court ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

*Id.* at 161-162.

{¶12} The subject June 26, 1996 order was the result of a peculiar procedural posture. The respondent issued it to fulfill this court's mandate to vacate the sentences for the kidnapping charges. The respondent also issued the order to resolve a mandamus action in which Newell sought to vacate those sentences and reduce his overall sentence. The order was effective; it achieved both goals. Because of the special nature and purpose of the order, this court questions whether the subject June 26, 1996 order is a judgment of conviction under Crim.R. 32(C), subject to a new appeal. Under *State v. Baker*, 119 Ohio St.3d 197,

2008-Ohio-3330, 893 N.E.2d 163, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, only judgments of convictions must be compliant with the requisites of Crim.R. 32(C) in order to be final, appealable orders, stating the fact of conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. Because mandamus should not issue in doubtful cases, this court declines to grant the writ of mandamus to compel the respondent judge to modify the subject order to comply with Crim.R. 32(C).

{¶13} Additionally, Newell had an adequate remedy at law. In all reality, if either Newell or the state of Ohio had wanted to appeal the subject order in 1996, they could have. The defect Newell trumpets is the failure to reiterate the fact and means of conviction. The Ohio Supreme Court did not recognize that omission as a jurisdictional impediment until 2008 in *Baker*. Thus, the subject defect would not have been recognized in 1996 and would not have precluded an appeal.

{¶14} Res judicata also bars this mandamus action. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 903, ¶ 6. Newell could have raised any improprieties with the subject journal entry in the 1995 mandamus action and his appeal of

that action to the Ohio Supreme Court. He did not. Consequently, the application of res judicata is appropriate.

{¶15} Moreover, Newell is seeking a vain act. In his complaint, paragraph 14, Newell states his strategy and reasoning: "This court should rule that relator has a right to a final, appealable order of the trial court's entry modifying sentence on June 26, 1996, that comports with Crim.R. 32(C). Which will enable relator to perfect an appeal of the matters therein." (Punctuation in the original.) Thus, Newell is engaging in this exercise 16 years after the entry of the subject order and four years after the release of *Baker* to obtain another round of appeals. However, in *Lester*, the Ohio Supreme Court held "that a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." ¶ 20. Granting Newell his requested relief would not afford him his ultimate goal but would lead to the expenditure of further judicial resources in "dead-end" litigation. In *State v. Reddick*, 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784, the Ohio Supreme Court admonished that judicial remedies are not intended to be open invitations for persons sentenced to long periods of incarceration to concoct new theories in order to have a new round of appeals. Because mandamus will not issue to compel a vain act, this court declines to issue the writ of mandamus.

{¶16} Accordingly, this court grants the respondent's motion for summary judgment and denies Newell's motion for summary judgment. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

Writ denied.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR