GIANNINI, Appellant,

v.

CITY OF FAIRVIEW PARK et al., Appellees.

[Cite as *Giannini v. Fairview Park* (1995), 107 Ohio App.3d 620.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68984.

Decided Dec. 4, 1995.

*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Kevin P. Powers* and *S. Randall Weltman,* for appellant.

*Patrick F. Roche,* for appellees.

---

*Per Curiam.*

This cause was assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25 which is designed to eliminate delay and expense and allows for a statement of the reasons for the court's decision to be in brief and conclusory form.

The city of Fairview Park terminated Lt. Christopher Giannini as a police officer for violating various rules and policies of the Fairview Park Police Department. The civil service commission upheld the Safety Director's decision and Giannini appealed to common pleas court. Upon review, the court affirmed the decision of the civil service commission and Giannini now appeals to this court on procedural grounds, assigning the following as error for our review:

"The trial court erred in failing to apply a *de novo* standard of review to the decision of the civil service commission."

Giannini contends that the trial court applied the wrong standard of review to the commission's decision and should have reviewed the decision *de novo.* The city, on the other hand, contends that the court properly gave deference to the civil service commission's decision because Giannini did not invoke a *de novo* review in his notice of appeal.

In Ohio, police officers may choose one of two avenues of appeal from the decision of a civil service commission. Under R.C. 124.34, an appeal may be made on questions of law and fact, *i.e.,* a *de novo* hearing, or an appeal may be taken pursuant to R.C. Chapter 2506, and the court will give deference to the judgment of the commission. *Resek v. Seven Hills* (1983), 9 Ohio App.3d 224, 9 OBR 395, 459 N.E.2d 566.

R.C. 2505.05 sets forth the requirements of a notice of appeal and states:

"The notice of appeal * * * shall designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact. * * *"

In this case, Giannini's notice of appeal requested a ruling on questions of law and fact, but did not specifically cite R.C. 124.34. It stated:

"Now comes Appellant, Christopher Giannini, and hereby gives notice of his appeal to the Court of Common Pleas from an Order rendered by the Appellant [*sic* ], Fairview Park Civil Service Commission on January 24, 1994, affirming his

November 5, 1993 removal from the classified service of the Appellant [*sic*], City of Fairview Park. Appellant's appeal is on questions of law and fact."

Accordingly, Giannini designated the final order from which he appealed and requested an appeal on questions of law and fact as required by R.C. 2505.05. Furthermore, Giannini specifically cited R.C. 124.34 in the brief and reply brief filed in the common pleas court and requested a *de novo* review of the case. These pleadings should have sufficiently alerted the court that Giannini sought a *de novo* review of the civil service commission proceeding.

Despite the notice, the trial court's journal entry states:

"The court hereby affirms the decision of Fairview Park Civil Service commission finding that it is neither arbitrary, unreasonable nor against the manifest weight of the evidence."

This language demonstrates that the court granted deference to the decision of the civil service commission instead of reviewing the case *de novo*. Because the trial court applied the wrong standard of review in this situation, Giannini's assignment of error is well taken and the cause is remanded for a *de novo* hearing.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., PATRICIA A. BLACKMON and O'DONNELL, JJ., concur.