[Cite as *Baron v. Civ. Serv. Bd. of Dayton*, 2012-Ohio-6179.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT J. BARON | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 25273 |
| v. | : | T.C. NO. 11CV2966 |
| CIVIL SERVICE BOARD OF THE CITY OF DAYTON, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___28th___ day of ___December___, 2012.

. . . . . . . . . .

RICHARD T. BUSH, Atty. Reg. No. 0020899, 16 Wick Avenue, Suite 400, P. O. Box 849, Youngstown, Ohio 44501
      Attorney for Plaintiff-Appellant

THOMAS M. GREEN, Atty. Reg. No. 0016361, 800 Performance Place, 109 North Main Street, Dayton, Ohio 45402
      Attorney for Defendants-Appellees

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}** Robert J. Baron appeals from a judgment of the Montgomery County

Court of Common Pleas, which overruled his appeal from a decision of the Civil Service Board of Dayton. The Civil Service Board had approved the City Manager's determination that Baron should be discharged from his employment as a firefighter for violating the city's prohibition on dual employment.

{¶ 2} For the reasons discussed below, the judgment of the common pleas court will be reversed, and the case will be remanded for further consideration.

I

{¶ 3} In February 2006, Baron was working as a part-time police officer in Hubbard, Ohio, when he learned that he had been accepted into the City of Dayton's Fire Academy. Class began on February 27, and Baron secured a residence in Dayton before that date, as required by the City. Between February 27 and May 5, 2006, he was paid as a full-time employee to attend the academy. During his first few weeks at the academy, Baron commuted to Hubbard to work seven weekend shifts. His employment with Hubbard terminated in April 2006. After Baron graduated from the academy in May 2006, he worked for the City as a firefighter until August 2010.

{¶ 4} The City has a policy that prohibits its employees from holding employment with the State or any county, township, or other municipal government. City of Dayton Charter § 6.1(C); City of Dayton Personnel Policies and Procedures 2.06.II.A. In August 2010, the City learned that Baron had worked for the City of Hubbard after he had started at the academy, a fact that Baron did not dispute. The parties do dispute, however, the precise time and manner by which Baron learned of the City's dual employment policy. Baron contends that he was unaware of this policy until after his employment with Hubbard

had ended; the City contends that Baron was informed of this policy during his interview and during his training. In any event, in 2010, the Fire Chief terminated Baron's employment when he learned of Baron's dual employment during his time in the academy. In March 2011, the Civil Service Board affirmed the termination of Baron's employment.

{¶ 5}   Baron appealed the Civil Service Board's ruling to the common pleas court. In reviewing the appeal, the common pleas court applied a deferential standard of review and affirmed the decision of the Civil Service Board.

{¶ 6}   Baron filed a Motion for New Trial and to Vacate Judgment, which asserted that the common pleas court "erred in treating this matter as a typical administrative appeal" and in deferring to the factual determinations and decision of the Civil Service Board. Baron filed his notice of appeal before the court ruled on this motion, and the court did not thereafter address it.

{¶ 7}   Baron appeals, raising three assignments of error.

II

{¶ 8}   In his first assignment, Baron contends that the common pleas court erred when it failed to conduct a de novo review of the decision of the Civil Service Board.

{¶ 9}   The notice of appeal that Baron filed in the common pleas court stated that his appeal was "filed pursuant to O.R.C. § 124.34, O.R.C. Chapter 119, and O.R.C. Chapter 2506." While the common pleas court's decision focused primarily on R.C. 119.12 and cases interpreting it, the parties' arguments in this court focus primarily on R.C. 124.34 and R.C. Chapter 2506.

{¶ 10}   We begin by addressing the trial court's reliance on R.C. 119.12 and its

progeny.

{¶ 11}    The common pleas court applied the standard of review set forth in R.C. 119.12, which sets forth the general parameters for administrative appeals, and the discussion of R.C. 119.12 in *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096.   *Bartchy* involved an attempt by a group of residents to transfer their property from one school district to another.   In reviewing the Board of Education's denial of the property owners' request, *Bartchy* relied on R.C. 119.12 and held that, in an administrative appeal to the common pleas court, the court "may affirm" the agency's decision if it is supported by "reliable, probative and substantial evidence and is in accordance with law."   *Id.* at ¶ 36, citing R.C. 119.12.   Otherwise,  it may "reverse, vacate, or modify the order or make such other ruling as is supported" by the evidence.   *Id.*

{¶ 12}    In *Bartchy,* the supreme court referred to the two inquiries a common pleas court must conduct in such an appeal as "a hybrid factual/legal inquiry and a purely legal inquiry."   It noted that, in the "hybrid factual/legal inquiry," the common pleas court must give deference to the agency's resolution of evidentiary conflicts, although the agency's conclusions need not be treated as conclusive if "legally significant reasons for discrediting certain evidence relied upon by the administrative body and necessary to its determination" were found.   *Id.* at ¶ 37. The common pleas court applied the deferential "hybrid factual/legal" standard discussed in *Bartchy* in overruling Baron's appeal.

{¶ 13}    The trial court erred in applying the deferential standard set forth in R.C. 119.12 and discussed in *Bartchy* in Baron's case.   Although R.C. 119.12 generally applies to administrative appeals, R.C. 124.34 sets forth the appeal procedure from an administrative

action involving the suspension, fine, demotion or removal of "any member of the police or fire department of a city or civil service township, who is in the classified civil service." R.C. 124.34(C). When such an appeal is heard, the appointing authority or trial board "may affirm, disaffirm, or modify the judgment of the appointing authority. An appeal on question of law and fact may be had from the decision of the commission to the court of common pleas * * *." *Id.*

{¶ 14} It is well settled that, when a conflict exists between a specific provision of law and a general provision, the specific provision prevails. See R.C. 1.51; *Meerland Dairy L.L.C. v. Ross Twp.*, 2d Dist. Greene No. 07CA0083, 2008-Ohio-2243, ¶ 18; *Palco Invest., Inc. v. Springfield*, 2d Dist. Clark No. 2004 CA 80, 2005-Ohio-6838, ¶ 11, citing *Love v. Port Clinton*, 37 Ohio St.3d 98, 99, 524 N.E.2d 166 (1988). Thus, while some of the general provisions of R.C. 119.12 may apply to a firefighter's appeal from the decision of the Civil Service Board, the common pleas court is required to apply the standard of review set forth in the more specific statute, R.C. 124.34, which permits de novo review of questions of law and fact. In Baron's case, the standard of review discussed in *Bartchy*, which was a general administrative appeal unrelated to the removal of a police officer or firefighter in the classified civil service, was not controlling.

{¶ 15} We now turn to the parties' argument related to the applicability of R.C. 124.34 and R.C. Chapter 2506.

{¶ 16} We have previously observed that, in Ohio, a classified civil servant who is removed from his or her position "is accorded two avenues of appeal, namely those provided in R.C. 124.34 and R.C. 2506.04. These avenues are separate and distinct."

*Barnhardt v. Versailles*, 2d Dist. Darke No. 1311, 1993 WL 39613, *2 (Feb. 18, 1993),

citing *Resek v. Seven Hills*, 9 Ohio App.3d 224, 459 N.E.2d 566 (8th Dist. 1983). We have

distinguished these types of appeal as follows:

> R.C. 124.34 allows an appeal on questions of law and fact from the
> decision of the municipal or civil service commission to the court of common
> pleas after an intermediate appeal to the municipal or civil service township
> civil service commission, and grants the court of common pleas the authority
> to affirm, disaffirm, or modify the judgment of the appointing authority.
> [*Resek*]. An appeal under this section involves a rehearing and retrial of a
> cause upon the law and the facts; i.e. a trial *de novo*. See R.C. 2505.01(A)(3).
>
> Thus, under R.C. 124.34 a court may substitute its judgment for that of the
> administrative tribunal.

*Barnhardt* at *2.

{¶ 17} On the other hand, under R.C. 2506.04, the trial court may find that the

administrative "order, adjudication, or decision is arbitrary, capricious, unreasonable, or

unsupported by the preponderance of substantial, reliable, and probative evidence on the

whole record. Consistent with its findings, the court may affirm, reverse, vacate, or

modify the order, adjudication, or decision, or remand the cause to the officer or body

appealed from * * *."

> "[I]n an appeal under Chapter 2506, the Court of Common Pleas must weigh
> the evidence before it * * *. Its review is a hybrid form of review; it
> involves a consideration of the evidence. To a limited extent, a substitution

of judgment by a reviewing common pleas court is permissible. * * *"

*Id.*, citing *In Re Petition for Annexation of 550.626 Acres, More or Less, From Butler Township, Montgomery County and Union Township, Miami County to the City of Union, Ohio,* 2d Dist. Montgomery No. 13398, 1992 WL 361909 (Dec. 9, 1992). *See also Washington v. Civil Service Comm. of Akron*, 9th Dist. Summit No. 20620, 2002 WL 185184, *2 (Feb. 2, 2002).

{¶ 18}   Although a classified civil servant has two avenues of appeal available to him, he is required to elect one, because the procedures and standards of review invoked by each are different. *Barnhardt* at *2; *Brittain v. Youngstown Civil Serv. Comm.*, 7th Dist. Mahoning No. 82 CA 54, 1983 WL 4555, * 2 (Oct. 19, 1983), citing *State ex rel. Crockett v. Robinson*, 67 Ohio St.2d   363, 423 N.E.2d 1099 (1981).   "Without this election, neither the common pleas court nor [the appellate] court can determine which is the proper standard of review." *Barnhardt* at *2.   "Although the differences may not all be readily discernable, one distinction crucial to the [election] is that in a *de novo* proceeding the burden of proof is upon the appointing authority, here the city, to show by a preponderance of the evidence, the sufficiency of the cause for removal.   * * *   In a proceeding pursuant to R.C. 2506, the burden is on the party prosecuting the appeal * * * to demonstrate the error committed by the commission." *Maple Heights v. Karley*, 8th Dist. Cuyahoga No. 36564, 1977 WL 201604, *4 (Nov. 23, 1977).

{¶ 19}   Moreover, in an appeal pursuant to R.C. 2506, a court of appeals has a limited function in determining whether the standard of review was correctly applied by the common pleas court, which does not involve a determination as to the weight of the

evidence, *Barnhardt* at *2, and our inquiry is limited to a determination of whether we can say, as a matter of law, that there did exist a preponderance of reliable, probative and substantial evidence to support the finding by the trial court. *Id*. *See also University of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111, 407 N.E.2d 1265 (1980). On the other hand, we review a common pleas court's judgment on an R.C. 124.34 appeal from the decision of the civil service commission under an abuse of discretion standard. *Sandusky v. Nuesse*, 11th Dist. Erie No. E-10-039, 2011-Ohio-6497, ¶ 47, citing *Raizk v. Brewer*, 12th Dist. Clinton Nos. CA2002-05-021, CA2002-05-023, 2003-Ohio-1266, ¶ 10 and *Ward v. Cleveland*, 8th Dist. Cuyahoga No. 79946, 2002 WL 192092 (Feb. 7, 2002).

{¶ 20} Where the appellant has not expressly elected between the statutes under which his claim may be reviewed, such an election may, in some circumstances, be inferred. For example, in *Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994 (2d Dist.), the appellant "did not identify in his notice of appeal from the board's decision which statutory avenue of appeal he invoked," but in various filings with the common pleas court, he relied on provisions of R.C. Chapter 2506, without any mention of R.C. 124.34 or a desire for a trial de novo. On appeal, we concluded that Royse had "induced the court to apply the R.C. Chapter 2506.04 standard of review," and could not argue on appeal that the trial court had erred in not applying the R.C. 124.34 standard instead. *Royse* at ¶ 10-12. Similarly, the Eighth Appellate District has held that, where a notice of appeal did not specifically cite R.C. 124.34, but the appellant requested an appeal on questions of law and fact and referred to R.C. 124.34 in his filings in the common pleas court, he had "sufficiently alerted" the common pleas court that he "sought a de novo review of the civil service

commission proceedings." *Giannini v. Fairview Park*, 107 Ohio App.3d 620, 699 N.E.2d 283 (8th Dist.1995).

{¶ 21} In Baron's brief in the common pleas court, he repeatedly stated that he sought a de novo review of the civil service board's decision to affirm the fire chief's finding that he had known or should have known of the dual employment policy and that he should be terminated. His argument stated that "[t]he case is before the court for a *de novo* determination of all issues, including the circumstances of the alleged violation and the propriety of the imposed sanction of discharge." Baron urged the court to consider "all the facts and circumstances," and, in his conclusion, he stated that the court "must make a *de novo* determination of all issues, including whether a violation occurred, whether it was intentional, and whether it was so serious as to warrant the ultimate sanction of discharge from employment."

{¶ 22} Although Baron cited both R.C. 124.34 and R.C. Chapter 2506 in his Notice of Administrative Appeal, on this record, there is little doubt that he elected the de novo review afforded by R.C. 124.34. The City's argument that Baron's reference to R.C. Chapter 2506 in his notice of appeal "invoked the trial court's jurisdiction to apply a deferential standard of review" and "gave the trial court the choice of which standard of review to apply" is unsupported by any case law and is, in our view, without merit.

{¶ 23} Because Baron requested a de novo review of the civil service board's decision and was entitled to such a review under R.C. 124.34, the common pleas court erred in deferring to the board's findings when it considered Baron's appeal.

{¶ 24} The first assignment of error is sustained.

III

**{¶ 25}** In his second assignment of error, Baron contends that the common pleas court erred in failing to grant his motion for a new trial and to vacate judgment, for the reasons cited in support of the first assignment of error. Although Baron's argument implies that the common pleas court denied the motion, in fact, the trial court did not rule on the motion.

**{¶ 26}** "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify or affirm the judgment." *Roberts v. Frasier*, 2d Dist. Montgomery No. 21891, 2007-Ohio-2428, ¶ 15, citing *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990). In this case, once Baron filed his notice of appeal, this attempt to have the common pleas court modify or vacate its judgment was inconsistent with our authority to "affirm, modify, or reverse" the judgment. App.R. 12(A). Accordingly, the common pleas court did not err in failing to grant Baron's motion for a new trial or to vacate judgment. Moreover, this argument is moot in light of our disposition of the first assignment of error.

**{¶ 27}** The second assignment of error is overruled.

IV

**{¶ 28}** In his third assignment of error, Baron advances an alternate argument that, if the common pleas court's application of a deferential standard of review were proper, the court nonetheless erred in concluding that the civil service board's determination was supported by reliable, probative, and substantial evidence. This assignment of error is also rendered moot in light of our disposition of the first assignment of error, and we will not

address it.   App.R. 12(A)(1)(c).

V

{¶ 29}    The judgment of the common pleas court will be reversed, and the matter will be remanded to the court for it to conduct a de novo review of the civil service board's decision.

. . . . . . . . . .

GRADY, P.J. concurs.

HALL, J., concurring:

{¶ 30}    I agree that the trial court applied an incorrect statutory standard of review. I write separately to note that an argument could be made that Baron's notice of appeal of the Dayton Civil Service Board's administrative decision, filed with the common pleas court, was ineffective to institute a review on questions of law and fact. R.C. 2505.05 provides that a notice of appeal of an administrative decision "shall designate * * * whether the appeal is on questions of law or questions of law and fact."[1] Although Baron's notice of appeal refers to R.C. 124.34, which provides for law-and-fact appeals, the notice fails to specifically state that the appeal is on questions of law and fact. Nevertheless, as pointed out by the majority, before the trial court Baron argued for de novo review. Moreover, in its August 4, 2011 answer brief, the City acknowledged that this was a law-and-fact appeal: "This Court reviews the decision of the Civil Service Board under Rev. Code §124.34(C) and Rev. Code §2506.01 et seq. The appeal is de novo, on questions of law and fact." (Answer Brief, 1-2). The City has thus waived any argument that Baron's notice of appeal

---

[1] In Ohio, law-and-fact appeals at the appellate-court level were abolished in 1971 by App.R. 2.

was ineffective.

. . . . . . . . . .

Copies mailed to:

Richard T. Bush
Thomas M. Green
Hon. Connie S. Price