[Cite as *Geisel v. Dayton*, 2018-Ohio-512.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SHAWN M. GEISEL | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27645 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-5102 |
| | : | |
| CITY OF DAYTON, OHIO, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of February, 2018.

. . . . . . . . . . .

TERRY W. POSEY, Atty. Reg. No. 0039666, 10 North Ludlow Street, Suite 950, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

NORMA M. DICKENS Atty. Reg. No. 0062337, 101 West Third Street, P.O. Box 22, Dayton, Ohio 45401
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiff-appellant, Shawn M. Geisel, appeals from the trial court's decision of June 6, 2017, in which the court upheld an order of the Civil Service Board of the City of Dayton, Ohio (the "Board") affirming his involuntary demotion from Firefighter Recruit to Emergency Medical Technician—Basic. In a single assignment of error, Geisel argues that his demotion violates state and federal law; that his demotion did not comply with the Rules and Regulations of the Civil Service Board for the City of Dayton, Ohio; that the order issued by the Board is unreasonable; and that the Board could grant the relief he seeks, regardless of the Board's determination to the contrary. Although our analysis differs, we concur with the trial court's conclusion that Geisel's demotion was permissible, and we therefore affirm.

## I. Facts and Procedural History

**{¶ 2}** In 2012, Geisel sat for an open competitive examination to become a firefighter with the Dayton Fire Department. Appellee's Br. 2. He received a passing score, and his name was placed on the list of candidates eligible for the position of Firefighter Recruit. *See id.*

**{¶ 3}** Pursuant to the Rules and Regulations of the Civil Service Board for the City of Dayton, Ohio (the "Rules"), the names of candidates for a given position within the "competitive class" of the "classified service" are entered onto an eligibility list "in order of rank," which is determined largely by the candidates' examination scores.[1] *See* Rule 3,

---

[1] Candidates who have either "been honorably discharged from service with any branch of the United States military" or "satisfactorily completed six * * * or more months of full-time employment with the City" are "entitled to have five * * * preference points" added to their examination scores under Rule 6, Section 11. No candidate may receive more than five preference points. *Id.*

Section 2(A); Rule 8, Sections 1(A) and 3. The eligibility list thus determines the sequence in which candidates may be hired to fill vacancies in the position. *See* Rule 8, Section 3. Firefighter Recruit is a competitive position in the classified service. R. at 14.[2]

{¶ 4} Eligibility lists generally remain valid for one year, subject to a number of exceptions; with respect to "competitive examinations for safety forces positions," the Board "may extend the period of [a list's validity] on a year [by] year basis, provided [that] the total period of [validity does] not exceed four * * * years."[3] Rule 8, Section 7(C). The relevant list in this case seems to have expired on September 30, 2015.[4] R. at 132-133.

{¶ 5} In 2013, while Geisel waited for Firefighter Recruit positions to become available, the City hired him as an Emergency Medical Technician—Basic. *See* Appellant's Br. 4; Appellee's Br. 2. The City subsequently promoted him to Firefighter Recruit for the training program that began on January 11, 2016. *Id.*; *see also* R. at 108 (describing the program).

{¶ 6} Geisel suffered a knee injury during physical training on March 18, 2016, rendering him unable to complete the program, which was slated to end on June 24, 2016. *See* Appellant's Br. 4-5; Appellee's Br. 2-3. As a result, the chief of the Dayton Fire Department recommended in a memorandum dated April 18, 2016, that Geisel be

---

[2] The Board filed the Transcript of Record with the trial court on November 17, 2016, but it did not include a formal certification or indicate the date on which the transcript was prepared.

[3] The Rules do not define the term "safety forces."

[4] The record does not establish the date on which the list's validity began to run, nor does it include documentation corroborating the date on which the list's validity ended.

involuntarily demoted to his previous position.  R. at 3.  On May 5, 2016, the Board's Secretary and Chief Examiner formally "certif[ied] [that Geisel's demotion was] approved as procedurally correct by the * * * Board pursuant to * * * Rule 10, Section 5 [and] Rule 13, Sections 1[-]2."  R. at 2.

{¶ 7} Geisel appealed to the Board under Rule 14, and in its order of September 2, 2016, the Board affirmed.  On October 3, 2016, Geisel initiated an administrative appeal under R.C. 124.34 in the trial court, which likewise held that his "demotion was effective under [the] [R]ules."  Decision Affirming Order of the Civil Service Bd. 4, June 6, 2017.  Geisel timely appealed to this court on June 30, 2017.

## II. Analysis

{¶ 8} In an appeal under R.C. 124.34, an appellate court reviews the decision of a common pleas court "under [the] abuse of discretion standard."  *Baron v. Civil Service Bd. of the City of Dayton*, 2d Dist. Montgomery No. 25273, 2012-Ohio-6179, ¶ 19, citing *City of Sandusky v. Nuesse*, 11th Dist. Erie No. E-10-039, 2011-Ohio-6497, ¶ 47.  The term " 'abuse of discretion' [is] defined as an attitude that is unreasonable, arbitrary, or unconscionable."  *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7, citing *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1995).

{¶ 9} The sole assignment of error presented for our review is the following:

MR. GEISEL'S DEMOTION, AS AFFIRMED BY THE CIVIL SERVICE BOARD'S DECISION AND THE TRIAL COURT'S DECISION, WAS ILLEGAL, UNREASONABLE, AND UNSUPPORTED BY THE EVIDENCE.  ACCORDINGLY, THE TRIAL COURT ERRED IN

UPHOLDING THE DEMOTION.[5]

Appellant's Br. 6.

{¶ 10} Geisel offers a series of arguments in favor of this premise. First, he faults the Board for applying the Rules "in a manner which violates state and federal employment law" and which is contrary to the "public policy of the State of Ohio." *Id.* Second, he suggests that his demotion never became effective because a majority of the Board did not issue an approval. *See id.* at 7. Third, he contends that the Board concluded incorrectly that Rule 12, Section 3 permitted his demotion. *Id.* at 8-9. Fourth, he characterizes the Board's order as "unreasonable" because it has resulted in a "permanent * * * demotion" for a "temporary" medical condition. *Id.* at 10. Finally, he insists that if the Board lacks authority to add his name to the next eligibility list for the position of Firefighter Recruit, then his appeal to the Board under Rule 14 was "illusory and meaningless." *See id.*

{¶ 11} Regarding Geisel's first argument, his reliance on the Family and Medical Leave Act ("FMLA") is misplaced because he did not actually take or request medical leave; instead, he continued to report for work on restricted duty. *See* 29 U.S.C. 2613 and 2614; *see also* R. at 92-97; Appellant's Br. 4-5. The Board, then, cannot have "denied [him] FMLA benefits to which [he] was entitled" because he never sought to exercise his rights under the act. *See, e.g.*, 29 U.S.C. 2601(b)(1)-(2) (stating that the "purpose[s]" of the act are, among other things, "balanc[ing] the demands of the workplace with the needs of families"; promoting the "stability and economic security of families"; and entitling "employees to take reasonable leave for medical reasons,"

---

[5] Geisel did not expressly designate an assignment of error in his brief.

including the care of children, parents and spouses); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir.2005) (listing elements of an FMLA claim).

{¶ 12} Geisel similarly overstates the significance of the Ohio Supreme Court's decision in *Coolidge v. Riverdale Local Sch. Dist.*, 100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61. In that case, the issue before the Court was "whether <u>discharges</u> for absenteeism caused by allowed workers' compensation injuries are violative of public policy <u>in the absence of retaliatory motive[s]</u>." (Emphasis added.) *Id.* at ¶ 25. After reviewing selected precedent, the Court held that an "employee who is receiving temporary total disability compensation pursuant to R.C. 4123.56 may not be discharged solely on the basis of absenteeism or inability to work, [if] the absence or inability to work is directly related to an allowed condition." *Id.* at syllabus.

{¶ 13} The holding in *Coolidge* is nearly irrelevant here, however, because Geisel was not totally disabled, was not receiving temporary total disability compensation at the time of his demotion, and was not discharged from employment. For that matter, Geisel has not alleged that the Board had a retaliatory motive for approving his demotion, nor has he alleged that the Board took this action to punish him for "fil[ing] a claim or institut[ing], pursu[ing] or testif[ying] in any proceeding[] under the workers' compensation act." R.C. 4123.90.

{¶ 14} Regarding Geisel's second argument, Rule 10, Section 5 states that an "employee who has served an initial probationary period," i.e., a current employee with a position "in the competitive or noncompetitive class," must complete "an additional six[-] month probationary period upon promotion or appointment to a new classification." Further, if the employee's performance is deemed "unsatisfactory," the "department

director may submit to the Board a recommendation for [the employee's] removal from the position" pursuant to Rule 10, Section 5(A)-(B).  Under Rule 10, Section 5(A), an "employee who fails to qualify [for a position] during [a] probationary period following promotion has the right to return to [his] last previous classification, or to an equal or lower position for which [he is] qualified," so long as the employee's return to his previous position does "not cause the displacement or reduction" of another employee.

{¶ 15} Geisel contends that a demotion under Rule 10, Section 5(A) cannot take effect without a majority vote by the Board pursuant to Rule 10, Section 2.  Rule 10, Section 1 mandates that all "persons initially appointed in the competitive or noncompetitive class shall [complete] a probationary period."  Under Rule 10, Section 2, the "initial probationary period shall be for six * * * months," and a "probationary employee may be discharged at any time within said period of six * * * months upon the recommendation of the director of the [probationary employee's] department or agency * * *, with the approval of the City Manager and the majority of the Board."  Yet, Geisel was not a person "initially appointed in the competitive or noncompetitive class"; rather, at the time of his promotion to Firefighter Recruit, he was an "employee who [had already] served an initial probationary period," making him "subject to an additional six[-]month probationary period," not an "initial probationary period."  (Emphasis added.)  Rule 10, Sections 1, 2 and 5; Appellant's Br. 4.  In other words, Rule 10, Section 2 did not apply to Geisel.

{¶ 16} Although Rule 10, Section 5, which certainly did apply to Geisel, refers to the department director's submission of a "recommendation" to the Board, it fails to specify how the Board should respond.   The trial court found that the rule "did not require

the approval of the majority of the Board," but it not provide a rationale for its finding. Decision Affirming Order of the Civil Service Bd. 4.   According to the Board itself, Geisel's demotion did not require "full Board approval" because Rule 12 "require[d] [only] that [it] be notified of the demotion."   R. at 132.

**{¶ 17}** We agree that Rule 10, Section 5 did not require the Board's approval of Geisel's demotion by majority vote.   Even so, the rule's provision allowing a department director to "submit to the Board a recommendation" for an employee's demotion would be essentially meaningless were the Board's approval (or disapproval) not required in some form.   For instance, were the "recommendation" simply a matter of record-keeping, the rule presumably would require only that the Board "be notified," as is the case for involuntary demotions because of physical incapacity pursuant to Rule 12, Section 3.   In any event, the Board did issue an approval of the recommendation to demote Geisel through its Secretary and Chief Examiner, who certified that that the "action [was] approved as procedurally correct" by the Board.   R. at 2.   Absent explicit instructions on how the Board should respond to a recommendation to demote, the rule required little else.

**{¶ 18}** In its decision, the trial court found that "Rule[s] 12 and 13 also permitted [Geisel's] demotion."   Decision Affirming Order of the Civil Service Bd. 4.   We find that the trial court was mistaken to this extent.   Notwithstanding that both of these rules refer to the possibility of employees being demoted for physical incapacity, neither of them makes any reference to employees in probationary periods—initial or otherwise. Because Rule 10, Section 5 relates specifically to the demotion of an employee serving an additional probationary period subsequent to his initial hire, we conclude that Rule 10,

Section 5 controls over the comparatively general provisions of Rules 12 and 13. *See, e.g.*, *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 524, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989); *Quality Ready Mix, Inc. v. Mamone*, 35 Ohio St.3d 224, 226-227, 520 N.E.2d 193 (1988); *Cyphers v. Balzer*, 2d Dist. Montgomery No. 22182, 2007-Ohio-6133, ¶ 55-58.

**{¶ 19}** Regarding Geisel's third argument, he criticizes the Board's citation to Rule 12, Section 3 in its order affirming his demotion. Appellant's Br. 8. Rule 12, Section 3 states that an employee who "becomes temporarily or permanently incapacitated" may be demoted "to a position in a lower grade for which [he] is qualified, and which is within [his] physical capabilities." By Geisel's reckoning, he could not have been demoted validly under this rule because, at the time of the demotion, he lacked the physical capability to resume his duties as an Emergency Medical Technician—Basic. Appellant's Br. 8. Irrespective of the Board's reference to Rule 12 in its order, the certification that effected Geisel's demotion appropriately cited the authority of "Rule 10, Section 5," as well as Rule 13, Sections 1-2, and we have already determined that the demotion was proper on that basis.

**{¶ 20}** Regarding Geisel's fourth argument, he describes his demotion as "unreasonable" because it resolved a temporary problem with a permanent solution. *See* Appellant's Br. 10. He worries that he might not have a second opportunity to become a Firefighter Recruit because he is approaching the age limit established by Rule 9, Section 1(H)-(I), and because a candidate may have to wait years for appointment to a position after taking a competitive examination and being placed on an eligibility list. *See id.* Geisel's problem, however, was not "temporary," even though his injuries did not

produce permanent impairments.

{¶ 21} Pursuant to Rule 10, Section 5, Geisel had six months from the date of his appointment to Firefighter Recruit in which to "qualify," or in other words, to complete his recruit training. The rule does not invest an employee who fails to qualify during this six-month period with the right to make subsequent attempts without interruption, meaning that Geisel's appointment to Firefighter Recruit was, in plain language, a one-shot opportunity.[6] Moreover, despite the age limitation stated in Rule 9, Section 1(H)-(I), the official "City of Dayton Position Description" for the position of "Firefighter Recruit" declares that "[r]ecruit candidates who have previously been appointed as a [f]irefighter in the State of Ohio may be over the age of 41."[7] R. at 108-111.

{¶ 22} Regarding Geisel's final argument, the trial court observed that, "[s]adly, according to the [R]ules, [he] did not have the right to participate in the January 2017 recruit class." Decision Affirming Order of the Civil Service Bd. 5. Geisel posits that appeals to the Board under Rule 14 would be "useless" if the Board lacked the authority to place him in another class of recruits.

{¶ 23} We concur with the trial court's observation that the Board did not have the authority to contravene the Rules' provisions on eligibility and the sequence in which candidates are appointed from eligibility lists. Nevertheless, by "special resolution

---

[6] We do not mean to imply that Geisel could not reapply for the position, but only that his appointment to Firefighter Recruit was a self-contained opportunity that did not entail a right to be reappointed or to continue as a recruit until he could complete the training program.

[7] Geisel served in the past as a volunteer firefighter for the Bethel Fire Department in Miami County. Appellant's Br. 4. We take no position on whether Geisel's volunteer service is the equivalent of being "appointed as a [f]irefighter" for purposes of the above-cited position description.

approved by the City Commission, the Board may suspend any specific provision of [the] Rules." Rule 1, Section 2. Thus, we conclude that the relief Geisel seeks is theoretically available to him, and by extension, that his appeal to the Board under Rule 14 was not futile.

### III. Conclusion

**{¶ 24}** Although we do not concur fully with the trial court's analysis, we concur with the decision to uphold the Board's demotion of Geisel. Therefore, Geisel's sole assignment of error is overruled, and the decision of the trial court is affirmed.


. . . . . . . . . . . .


HALL, J., concurs.

FROELICH, J., concurring in judgment only.


Copies mailed to:

Terry W. Posey
Norma M. Dickens
Hon. Steven K. Dankof